## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

HOWARD TURNER,                )
                              )
   Petitioner/Appellant,     )
                              )
                              )   Appeal No.
VS.                           )   01-A-01-9903-CH-00139
                              )
                              )   Wayne Chancery
SHIRLEY CAMPBELL,             )   No. 10201
                              )
   Respondent/Appellee.      )

APPEALED FROM THE CHANCERY COURT OF WAYNE COUNTY
AT WAYNESBORO, TENNESSEE

THE HONORABLE STELLA HARGROVE, JUDGE

HOWARD TURNER, #239571
South Central Correctional Facility
P. O. Box 279
Clifton, Tennessee 38425-0279
   Pro Se/Petitioner/Appellant

TOM ANDERSON
130-C Stonebridge Boulevard
Jackson, Tennessee 38305
   Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

## O P I N I O N

The issue in this case is whether a petition for certiorari states a cause of action when it seeks a review of the punishment imposed for violating prison rules and names only the employee of the private company running the prison. We hold that it does not, and we affirm the order of the lower court.

## I.

Howard Turner, a prisoner at the South Central Correctional Facility (SCCF), was cited for participation in "Security Threat Group Activity." After a hearing, the SCCF Disciplinary Board recommended that Mr. Turner be sentenced to ten days punitive segregation, suspended for sixty days, a $5.00 fine, and six months package restriction. Mr. Turner appealed the sentence through the stages provided by the Department of Correction, where the sentence was finally affirmed by the Commissioner.

Mr. Turner filed this petition for certiorari and named as the only respondent Shirley Campbell, an employee of Corrections Corporation of America, the private operator of the prison. The petition alleged that Ms. Campbell was the chair of the Disciplinary Board that imposed punishment on Mr. Turner; that the Board denied him a continuance; that the proceeding was not observed by the Commissioner's designee as required by statute for a Class A infraction; that the Board relied on a confidential informant; and that the Board failed to follow various procedural rules.

The petition sought a review of the Board's decision and a holding that the decision was unreasonable, arbitrary, capricious, and not legally

sufficient. Ms. Campbell filed a motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. Proc. The Wayne County Chancery Court granted the motion.

## II.

In a privately operated state prison, the employees of the private company are prohibited from "Granting, denying, or revoking sentence credits; placing an inmate under less restrictive custody; or taking any disciplinary action." Tenn. Code Ann. Section 41-24-110(5). Thus, the Commissioner of Corrections has formulated a policy to govern the imposition of punishment for violating prison rules in a privately operated prison. At SCCF, a panel of three staff members hears the charge and recommends punishment to the Commissioner's designee, a TDOC employee authorized by the Commissioner to serve as the approving authority for disciplinary punishments. TDOC Policy #9502.01(IV)(C). If the charge is serious enough (a Class A or B infraction) the Commissioner's designee must personally observe the proceeding and approve or modify the recommendations of the disciplinary board. TDOC Policy #9502.01 (VI)(D)(2).[1]

The imposition of punishment is reviewed by the Regional Administrator, TDOC Policy #9502.01(VI)(E)(1)(b), and the prisoner has a right to appeal to the Commissioner of Corrections. TDOC Policy #9502.01(VI)(E)(2)(a). The complaint in this case alleges that Mr. Turner

---

[1]This opinion follows the citations to the rules of the Department of Correction as found in the appellee's brief. We understand the organization of these rules has been modified since the proceedings complained of.

followed the procedure set forth in the TDOC policy and that his punishment was ultimately affirmed by the Commissioner.

In *Mandela v. Campbell*, 978 S.W.2d 531 (Tenn. 1998), our Supreme Court reviewed the procedures in the TDOC policy and held that the procedures satisfied the requirements of Tenn. Code Ann. Section 41-24-110(5). The court based its decision on the fact that the disciplinary "board's recommendation as to punishment was merely a recommendation, and actual discipline was not imposed until the TDOC representative reviewed the case and approved the board's recommendation." 978 S.W.2d at 533. We think it necessarily follows that a petition for certiorari directed to the chair of the disciplinary board, an employee of a private corporation having no power to impose punishment upon the petitioner, fails to state a cause of action against the respondent. The writ should be directed to the governmental agency that is responsible  for the actions of which the petitioner complains.  If the Commissioner's designee did not observe the proceedings, as required by the TDOC policy, that reason for relief should be asserted against the government.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Wayne County for any further proceedings necessary.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
-4-

WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE