IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SUBMITTED ON BRIEFS AUGUST 24, 2001

## RICKY FLAMINGO BROWN, SR. v. C. O. I. MAJORS, ET AL.

**Direct Appeal from the Chancery Court for Hardeman County**
**No. 12929; The Honorable Dewey C. Whitenton, Chancellor**

---

**No. W2001-00536-COA-R3-CV - Filed December 19, 2001**

---

This appeal arises from the dismissal of the Appellant's petition for writ of certiorari seeking review of disciplinary action and the confiscation of property. The Circuit Court of Hardeman County dismissed the Appellant's petition for writ of certiorari for the Appellant's failure to comply with section 41-21-801, et seq. of the Tennessee Code, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. The Appellant appeals the dismissal of his petition for writ of certiorari. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Ricky Flamingo Brown, Nashville, TN, *pro se*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Stephanie R. Reevers, Associate Deputy Attorney General, Nashville, TN, for Appellees

**OPINION**

### I. Facts and Procedural History

The Appellant, Ricky Flamingo Brown, Sr. ("Mr. Brown"), is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). At times relevant to this appeal, Mr. Brown was incarcerated at the Hardeman County Correctional Facility in Hardeman County, Tennessee. The Hardeman County Correctional Facility is operated by Corrections Corporation of America ("CCA"), a private entity under contract with the TDOC to manage the facility. Mr. Brown is currently incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee.

The record reflects that on February 3, 2000, Mr. Brown was found in possession of a typewriter which had a handmade shank hidden inside, and drugs were found inside Mr. Brown's prison cell. Mr. Brown was charged with possession of a deadly weapon and Class A drug

possession. On February 4, 2000, the Hardeman County Correctional Facility Disciplinary Board convened to conduct a hearing on the charge of possession of a deadly weapon. The Disciplinary Board found Mr. Brown guilty of the charge of possession of a deadly weapon. The Disciplinary Board recommended thirty days punitive segregation, a five dollar fee, and an outside charge. On February 11, 2000, the Disciplinary Board convened to conduct a hearing on the charge of Class A drug possession. The Disciplinary Board found Mr. Brown guilty of the charge of class A drug possession. The Disciplinary Board recommended ten days punitive segregation and a five dollar fee.

On February 15, 2000, Mr. Brown filed a pro se petition for common law writ of certiorari in the Chancery Court of Hardeman County against the TDOC liaison, Penny Tucker ("Ms. Tucker"), and CCA employees, Yolanda Gray ("Ms. Gray"), Curtis Brush ("Mr. Brush"), Reginald Minter ("Mr. Minter"), Dorothy Robertson ("Ms. Robertson"), Roy Smith ("Mr. Smith"), and Ike Aslin ("Mr. Aslin") (collectively "CCA respondents"). The petition for writ of certiorari alleged that disciplinary action was taken against Mr. Brown in violation of the TDOC policy and his constitutionally protected rights. The petition for writ of certiorari also alleged that Mr. Brown was deprived of his property by prison officials at the Hardeman County Correctional Facility.

On June 16, 2000, Mr. Brown filed a motion to set a trial date. On June 29, 2000, a response in opposition to the motion to set a trial date was filed on behalf of the TDOC and Ms. Tucker. On June 30, 2000, the trial court entered an order directing that the case should be held in abeyance for a reasonable period of time due to Mr. Brown's incarceration. On July 6, 2000, a motion for a more definite and legible statement was filed on behalf of the CCA respondents.

On November 22, 2000, the TDOC and Ms. Tucker filed a motion to lift the stay of proceeding entered by the trial court. The TDOC and Ms. Tucker also filed a motion to dismiss the petition for writ of certiorari for Mr. Brown's failure to comply with section 41-21-801, et seq. of the Tennessee Code, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. On December 7, 2000, Mr. Brown filed a response to the motion to dismiss. On January 23, 2001, the trial court entered an order granting the motion to lift the stay of proceeding and dismissing the petition for writ of certiorari for Mr. Brown's failure to comply with section 41-21-801, et seq. of the Tennessee Code, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. The trial court found that the motion for a more definite and legible statement was moot. This appeal followed.

## II. Standard of Review

A Rule 12.02(6) of the Tennessee Rules of Civil Procedure motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of the plaintiff's evidence. See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999). The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law. See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998).

In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. See Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997). The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Stein, 945 S.W.2d at 716. As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of relief is *de novo* with no presumption of correctness. See TENN. R. APP. P. 13(d).

The scope of our review is also defined by the procedural vehicle Mr. Brown utilized to assert his claim, the petition for common law writ of certiorari. It is well settled that the scope of review under the common law writ of certiorari is very narrow. Review under the writ is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990); see also Powell v. Parole Eligibility Bd., 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The intrinsic correctness of the decision is not reviewable under the writ. See Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478 (Tenn. 1997). As stated in Powell, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." Powell, 879 S.W.2d at 873.

### III.  Law and Analysis

The following issues are presented for our review:

1.  Whether the trial court properly dismissed the petition for writ of certiorari for Mr. Brown's failure to comply with section 41-21-801, et seq. of the Tennessee Code;
2.  Whether the trial court properly dismissed the petition for writ of certiorari for lack of subject matter jurisdiction; and
3.  Whether the petition for writ of certiorari failed to state a claim for relief for deprivation of Mr. Brown's constitutional rights under 42 U.S.C. § 1983.
We will address each issue in turn.

The first issue presented for our review is whether the trial court properly dismissed the petition for writ of certiorari for Mr. Brown's failure to comply with section 41-21-801, et seq. of the Tennessee Code. Mr. Brown sought to proceed *in forma pauperis*, thereby triggering the provisions of section 41-21-801, et seq. See TENN. CODE ANN. § 41-21-802 (1996). Section 41-21-805 imposes a duty upon inmates seeking to proceed *in forma pauperis* to file an affidavit documenting every lawsuit or claim previously filed by the inmate. See Williams v. Bell, 37 S.W.3d 477, 479 (Tenn. Ct. App. 2000). Section 41-21-805 provides:

> (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:
> (1) A complete list of every lawsuit or claim previously filed by the

inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and

(2) For each claim or action listed in subsection (a):

(A) The operative facts for which relief was sought;

(B) The case name, case number and court in which the suit of claim was filed;

(C) The legal theory on which the relief sought was based;

(D) The identification of each party named in the action; and

(E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.

(b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.

(c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

TENN. CODE ANN. § 41-21-805 (1996).

Courts have sustained dismissals based on the failure to comply with section 41-21-805 and other requirements of section 41-21-801, et seq. See Williams, 37 S.W.3d at 479 (affirming dismissal for failure to attach affidavit listing previous lawsuits pursuant to section 41-21-805); Davis v. Holland, 31 S.W.3d 574, 577 (Tenn. Ct. App. 2000) (affirming dismissal for failure to pay previous court costs pursuant to section 41-21-812); Allen v. Lloyd, No. M1999-01739-COA-R3-CV, 2000 WL 775085, at *4 (Tenn. Ct. App. June 16, 2000) (affirming dismissal for failure to attach affidavit listing previous lawsuits pursuant to section 41-21-805)).

In the case at bar, Mr. Brown failed to file with his petition for writ of certiorari an affidavit listing every lawsuit or claim he had previously filed. Thus, Mr. Brown failed to comply with the mandatory requirements of section 41-21-805 that he file an affidavit with his petition for writ of certiorari documenting every lawsuit or claim he had previously filed. Accordingly, we affirm the trial court's decision dismissing Mr. Brown's petition for writ of certiorari for his failure to comply with the requirements of section 41-21-805.

The second issue presented for our review is whether the trial court properly dismissed the petition for writ of certiorari for lack of subject matter jurisdiction. The Appellants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the only proper respondent to a petition for a writ of certiorari regarding a disciplinary board's action is the TDOC. The Appellants then argued that a petition for writ of certiorari against the TDOC, a state agency located in Davidson County, Tennessee, must be filed in the county of the department's official residence. Thus, the Appellants argued that only the courts of Davidson County have subject matter jurisdiction to review the action of the TDOC, and Hardeman County lacked subject matter jurisdiction over the instant case. The trial court granted the Appellants' motion to dismiss for lack of subject matter jurisdiction. We must determine, first, whether the TDOC was the only proper respondent to the petition for writ

of certiorari and second, whether only the courts of Davidson County have subject matter jurisdiction to review the action of the TDOC.

Tennessee courts have concluded that writs of certiorari stemming from alleged violations of rights of prisoners at privately operated state prisons must be directed toward the TDOC as opposed to the disciplinary board or its members.[1] See Turner v. Campbell, 15 S.W.3d 466, 468 (Tenn. Ct. App. 1999); Wilson v. South Cent. Correctional Facility Disciplinary Bd., No. M2000-00303-COA-RM-CV, 2000 WL 1425228, at *5-6 (Tenn. Ct. App. Sept. 28, 2000); Buford v. Tennessee Dep't of Correction, No. M1998-00157-COA-R3-CV, 1999 WL 1015672, at *5 (Tenn. Ct. App. Nov. 10, 1999). Under section 41-24-110(5) of the Tennessee Code, the employees of a privately operated state prison are prohibited from "[g]ranting, denying or revoking sentence credits; placing an inmate under less restrictive custody or more restrictive custody; or taking any disciplinary actions." TENN. CODE ANN. § 41-21-110(5) (1997). Thus, a disciplinary board's recommendation of punishment at a privately operated state prison is merely a recommendation. See Mandela v. Campbell, 978 S.W.2d 531, 533 (Tenn. 1998). Actual punishment is not imposed upon a prisoner at a privately operated state prison until the TDOC representative reviews and approves the disciplinary board's recommendation. See id. Because a disciplinary board or its members have no authority to convict or impose sanctions upon a prisoner, it necessarily follows that a writ of certiorari to review the disciplinary board's actions would not provide any relief from convictions or sanctions actually imposed upon the prisoner. A writ of certiorari "should be directed to a governmental agency that is responsible for the actions of which the petitioner complains." Turner, 15 S.W.3d at 468.

In the case at bar, Mr. Brown named the TDOC liaison, Ms. Tucker, and CCA employees, Ms. Gray, Mr. Brush, Mr. Minter, Ms. Robertson, Mr. Smith, and Mr. Aslin, as respondents to the petition for writ of certiorari. The Hardeman County Correctional Facility is a privately operated state prison, and CCA employees had no authority to impose punishment upon Mr. Brown. Because the CCA employees are prohibited from imposing punishment upon prisoners, the CCA employees were not proper parties to the petition for writ of certiorari. We find, however, that as TDOC liaison, Ms. Tucker was a proper party to the petition for writ of certiorari. The TDOC's Uniform Disciplinary Procedures "mandate the appointment of a liaison between the TDOC and the private contractor." Mandela, 978 S.W.2d at 532. The TDOC's liaison is a TDOC employee who is "authorized by the TDOC to serve as the approving authority for specified actions at privately contracted TDOC facilities." Id. (quoting Policy No. 9502.01(IV)(I)). The TDOC liaison must review the recommendation by the disciplinary board and approve or modify the recommendation. See id. at 532-33. "The final approval of the disciplinary recommendation rest[s] solely with the TDOC [liaison]. . . . Accordingly, the TDOC retain[s] the authority to punish the prisoners." Id. at

---

[1] We are aware of decisions contradicting the proposition that the only proper respondent for a writ of certiorari to review prison disciplinary board actions is the TDOC. See, e.g., Seals v. Bowlen, No. M1999-00997-COA-R3-CV, 2001 WL 840271, at *3-5 (Tenn. Ct. App. July 26, 2001). However, in cases where other respondents, such as the disciplinary board itself, were held to be properly named in the writ of certiorari, the prisons where the claims arose were state run rather than under a contract with a private entity for management. Thus, in such cases, people other than just a sole TDOC representative had authority to affect the liberty interests of prisoners.

533. Because Ms. Tucker was responsible for approving the disciplinary board's actions, we find that Ms. Tucker was properly named as a respondent to the petition for writ of certiorari in her capacity as TDOC liaison.

We must now determine whether the trial court in Hardeman County lacked subject matter jurisdiction over the petition for writ of certiorari. Section 27-9-102 of the Tennessee Code states the proper venue for filing a petition for writ of certiorari, in pertinent part:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office.

TENN. CODE ANN. § 27-9-102 (2000).

Because the TDOC's official situs, or principal office, is in Davidson County, Tennessee, a petition for writ of certiorari against the TDOC must be filed in the Chancery Court of Davidson County. Furthermore, in Norton v. Everhart, 895 S.W.2d 317 (Tenn. 1995), the Tennessee Supreme Court held that "it is undisputed that only the courts of Davidson County have the necessary subject matter jurisdiction to review the actions of a state agency." Id. at 320.

In the case at bar, Mr. Brown sought review of the disciplinary board's action which was approved by the TDOC liaison. As discussed above, approval of the disciplinary board's action by the TDOC liaison gave the TDOC, in effect, the authority to impose punishment upon the prisoners. Thus, by naming Ms. Tucker as respondent to the petition for writ of certiorari, Mr. Brown effectively filed the petition for writ of certiorari against the TDOC. Because the only proper venue for a petition for writ of certiorari against the TDOC is the Chancery Court of Davidson County, the Chancery Court of Hardeman County lacked subject matter jurisdiction over Mr. Brown's petition for writ of certiorari. Accordingly, we affirm the trial court's decision dismissing the petition for writ of certiorari for lack of subject matter jurisdiction.

Because we find that Mr. Brown failed to comply with section 41-21-801, et seq. and the trial court lacked subject matter jurisdiction over the petition for writ of certiorari, we decline to address the merits of the case, the issue whether the petition for writ of certiorari failed to state a claim for relief for deprivation of Mr. Brown's constitutional rights under 42 U.S.C. § 1983.

## III. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Ricky Flamingo Brown, Sr., and his surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE