IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 20, 2005

**MELVIN PERRY**

v.

**BRUCE WESTBROOKS, WARDEN, AND THE WEST TENNESSEE STATE PENITENTIARY DISCIPLINARY BOARD**

An Appeal from the Circuit Court for Lauderdale County
No. 5695     Joe H. Walker, III, Judge

---

**No. W2005-00904-COA-R3-CV - Filed September 20, 2005**

---

This is a petition for a writ of certiorari filed by a prison inmate. The petitioner prisoner was found guilty on the charge of "failure to participate" in work as instructed by a prison official. He lost his prison job and was sentenced to a brief period of segregation and a $5.00 fine. After exhausting his administrative appeals, he filed an application for a writ of certiorari in the trial court, naming as respondents the warden and the disciplinary board. The trial court granted the respondents' motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The petitioner now appeals. We reverse and remand to the trial court for issuance of the writ.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Melvin Perry, appellant, *pro se*.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover, II, Nashville, Tennessee, for the appellees, Bruce Westbrooks, Warden, and the West Tennessee State Penitentiary Disciplinary Board.

**OPINION**

Plaintiff/Appellant Melvin Perry ("Perry") is an inmate in the West Tennessee State Penitentiary in Henning, Tennessee, operated by the Tennessee Department of Correction ("TDOC"). He was classified as minimum custody and was assigned a job position as a dairy processor in the prison dairy. On October 7, 2002, as he was completing his shift in the dairy, Perry was asked to

help unload a truck. Perry refused because he felt that unloading the truck was not part of his job and because an onlooking white inmate was not required to help. After Perry refused to help, his supervisor ordered him locked up in the maximum security building. Perry was issued a disciplinary charge for refusing to participate.

On October 14, 2002, a hearing was conducted on the disciplinary charge against Perry. Perry claims that, at the hearing, he was not allowed to call witnesses or otherwise put on a defense, and his own testimony was limited as well. He also claimed that he was being disciplined in retaliation for formal complaints he had filed regarding the prison dairy's unsafe working conditions. The disciplinary board found him guilty of the charge. The board sentenced Perry to time served, a $5.00 fine, and he lost his job at the dairy.[1] Perry appealed his disciplinary conviction "on the grounds that he was not allowed to present a defense and that the findings of the board preponderates against the evidence presented by the reporting official." The warden, Bruce Westbrooks ("Warden Westbrooks"), affirmed the conviction.

On December 12, 2002, Perry filed this *pro se* application for a writ of certiorari, seeking review of the disciplinary proceedings and alleging that his constitutional rights were violated by the disciplinary action taken against him. The named respondents are Warden Westbrooks and the West Tennessee State Penitentiary Disciplinary Board (collectively, "Respondents"). In response, the Attorney General, on behalf of the Respondents, filed a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim on which relief can be granted. The Attorney General argued that Perry's petition should be dismissed because (1) the only proper respondent is the TDOC; (2) decisions of the prison disciplinary board are not subject to review by the statutory writ of certiorari; and (3) the common law writ of certiorari should be denied because the disciplinary board neither acted unlawfully nor violated Perry's constitutional rights. On March 29, 2005, the trial court entered an order granting the Attorney General's motion to dismiss on all grounds stated. From that order, Perry now appeals.

On appeal, Perry argues that the trial court erred in concluding that the TDOC was the only proper respondent, and that he did not state a proper claim for relief under either the statutory or the common law writ of certiorari. The appeal of a trial court's dismissal for failure to state a claim upon which relief can be granted presents only a question of law, which we review *de novo*. **Gore v. TDOC**, 132 S.W.3d 369, 373 (Tenn. Ct. App. 2003). In reviewing the dismissal of a petition on this ground, we must take the factual allegations in the petition as true. **Id.**; **see Willis v. TDOC**, 113 S.W.3d 706, 710 (Tenn. 2003). Because a Rule 12.02(6) motion to dismiss challenges only the sufficiency of the petition, the court should grant the motion only when it appears that the plaintiff can prove no set of facts that would entitle him to relief. **Gore**, 132 S.W.3d at 373.

---

[1]It is unclear from the appellate record, but it seems that Perry was placed in segregation for less than thirty days.

The common law writ of certiorari is the proper vehicle for challenging a disciplinary action of the TDOC.[2] *Willis*, 113 S.W.3d at 712. A petition for a writ of certiorari merely seeks to have the record filed with the trial court so that it may review the proceedings and decision of the inferior tribunal. *Seals v. Bowlen*, M1999-00997-COA-R3-CV, 2001 WL 840271, at *2 (Tenn. Ct. App. July 26, 2001); *see* Tenn. Code Ann. § 27-9-109 (2000). The intrinsic correctness of the decision of the lower tribunal is not subject to judicial review. Rather, the scope of review is limited to whether the administrative body acted within its jurisdiction or acted arbitrarily, capriciously, or illegally. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). This standard is well settled in Tennessee jurisprudence:

> The scope of review under the common law writ . . . is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Id.* (citations omitted). Thus, in a case in which the trial court has dismissed the petition for a writ of certiorari on its face, we look to the substance of the petition to determine if it sets out a proper claim for relief.

We first address the trial court's conclusion that the TDOC is the only proper respondent in this case. In his original petition, Perry listed as respondents Warden Westbrooks and the West Tennessee State Penitentiary Disciplinary Board ("the Board"). In the body of the petition, Perry also names as a respondent the chairperson of the Board, Vickie Kirby. The TDOC was not listed as a respondent. The petition alleges that the Board found Perry guilty of the "failure to participate" charge, and that Warden Westbrooks affirmed the conviction. For purposes of reviewing the trial court's decision, we accept these statements as true pursuant to Rule 12.02(6).

On appeal, the Attorney General asserts that the trial court was correct in holding that the TDOC is the only proper respondent in a petition for certiorari which challenges sanctions imposed in a disciplinary proceeding. However, the Attorney General cites no law in support of this proposition. In fact, on several occasions, this Court has rejected that argument.[3] For example, in

---

[2] To the extent that Perry seeks relief under a statutory writ of certiorari, his petition was "doomed from the start because the only vehicle for obtaining judicial review of the results of a prison disciplinary proceeding is through a common-law writ of certiorari." *Robinson v. Clement*, 65 S.W.3d 632, 634 n.1 (Tenn. Ct. App. 2001).

[3] In *Greer v. TDOC*, No. M2000-00222-COA-R3-CV, 2002 WL 598561, at *1 n.4 (Tenn. Ct. App. Apr. 17, 2002), the appellate court referred to the court's "repeated" rejection of the Attorney General's meritless "improper party" defense. *See also Hawkins v. TDOC*, 127 S.W.3d 749, 759 n.10 (Tenn. Ct. App. 2002) (noting that the TDOC (continued...)

-3-

***Seals v. Bowlen***, ***supra***, the prisoner petitioner filed a petition for a common law writ of certiorari and named as respondents the warden, the disciplinary board, and the TDOC. The State moved to dismiss all defendants except the TDOC, asserting that the TDOC is the only proper respondent in a common law writ of certiorari challenge to a prison disciplinary proceeding. ***Seals***, 2001 WL 840271, at *3. This Court determined that "whether a particular governmental entity or official is properly named as a defendant . . . is answered by the decision-making authority assigned to that entity or official under the law." ***Id.*** On that premise, the appellate court held that, because the warden and the disciplinary board had decision-making authority regarding the disciplinary proceedings which gave rise to the petition, "the board and the warden were proper respondents and should not have been dismissed." ***Id.*** at *5. Subsequently this Court considered a related issue, holding that the TDOC is not an indispensable party in such cases, and that, therefore, the failure to join the TDOC is not fatal to a petition that names the disciplinary board as a respondent.[4] ***Robinson v. Clement***, 65 S.W.3d 632, 634 n.1 (Tenn. Ct. App. 2001) (holding that, rather than dismissing the petition, the trial court should have substituted the disciplinary board as a defendant when individual board members were named as respondents in their official capacities); ***see also Hawkins v. TDOC***, 127 S.W.3d 749, 758-59 (Tenn. Ct. App. 2002) (determining that the disciplinary board that conducted the hearing and rendered the decision is the "material respondent"). Thus, in light of ***Seals*** and its progeny, we must conclude that the trial court erred in finding that the named respondents were improper, and that the TDOC is the only proper respondent in this lawsuit.

We next address Perry's argument that the trial court erred in dismissing his claim on the basis that it was an attempt to challenge the intrinsic correctness of the disciplinary action against him. In its appellate brief, without reference to any portion of Perry's complaint, the State relies only on the conclusory assertion that the allegations involve "exclusively" whether the decision of the disciplinary board was correct. Perry's petition, however, alleges that the disciplinary board acted unlawfully because it failed to follow the TDOC Uniform Disciplinary Procedures. "A prisoner seeking judicial review of a prison disciplinary proceeding states a claim for relief under common-law writ of certiorari if the prisoner's complaint alleges facts demonstrating that the disciplinary board failed to follow the Uniform Disciplinary Procedures and this failure substantially prejudiced the petitioner." ***Willis***, 113 S.W.3d at 713. Therefore, we examine Perry's petition to determine if he alleges facts showing that the disciplinary board failed to follow its own procedures, and that the outcome of the proceeding was affected by such failure in a manner adverse to Perry. ***Id.***

In Perry's petition, he alleges that "the disciplinary board found him guilty and failed to comply with the 'Uniform Disciplinary Procedures' by only referring to the 'body of the writeup and

---

[3](...continued)
"has regularly filed motions to dismiss any other defendant/respondent (or the entire lawsuit if the Department itself was not named) arguing that the Department is the only proper respondent . . . .").

[4]Where the prison is operated by private contractors, however, a writ of certiorari should be addressed "to the governmental agency [rather than the non-governmental board] that is responsible for the actions of which the petitioner complains." ***Hawkins***, 127 S.W.3d at 758 (quoting ***Turner v. Campbell***, 15 S.W.3d 466, 468 (Tenn. Ct. App. 1999)). There is nothing in the record to show that this exception applies in this case.

testimony of [the reporting officer], witness and and [sic] inmate and according to policy #502.01 and 502.05.' " The petition alleges further that "[t]he actions of the Respondent in denying the petitioner the entitlement to present a defense by refusing to allow him to call inmate witnesses and evidence that the writeup was issued in retaliation for filing formal complaints, as an act of racial discrimination, [violated] TDOC policy #502.01 VI., E., 2., d." Finally, Perry alleges that the respondents failed to provide him with "a written statement, summarizing the evidence and stating detailed reasons for the disciplinary board's decision [in violation of] TDOC policy #502.01 VI., E., 2., k. (5)."

In *Willis*, the Tennessee Supreme Court held that a prisoner's allegation that he was prevented from obtaining and introducing relevant exculpatory evidence in the disciplinary proceedings, in violation of the TDOC policies, was sufficient to support a petition for common-law writ of certiorari. The Court stated that, if the TDOC "were to violate its own policies to such a degree that it administered punishment without a reliable determination of guilt, such a violation would be without legal authority and an abuse of discretion." *Willis*, 113 S.W.3d at 714. Consequently, the Court reasoned, the petition set out a proper claim for relief because it contained allegations that the disciplinary board violated its own rules an policies and that the petitioner was substantially prejudiced thereby. *Id.*

The facts in this case are similar to those presented in *Willis*. Perry's petition specifically alleges that the Respondents violated the TDOC rules by denying Perry the opportunity to submit evidence on his own behalf at the disciplinary proceeding that culminated in sanctions against him. As the Court stated in *Willis*, "[t]he Uniform Disciplinary Procedures provide the principal means of ensuring that disciplinary proceedings are fair, reliable, and impartial. The integrity of the disciplinary systems is important to the stability of a corrections program." *Id.* At this stage in the proceedings, we are required to presume the truth of the allegations in Perry's petition, that is, that the Board violated its own Uniform Disciplinary Procedures by failing to allow him to submit exculpatory evidence and by failing to give him a written statement summarizing the evidence against him, and that Perry was prejudiced by its failure to do so. Under these circumstances, we must conclude that Perry's petition for a common law writ of certiorari properly states a claim for relief. Therefore, the dismissal of the petition must be reversed. The cause is remanded to the trial court for issuance of the writ of certiorari directing the TDOC to file the record, to enable the trial court to address the substance of Perry's claims. *See id.*

The decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed to the State, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE