Betty J. PHILLIPS, Plaintiff,

v.

The STATE BOARD OF REGENTS OF the STATE UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF the STATE OF TENNESSEE; Shelby State Community College; the State of Tennessee; Thomas J. Garland in his official capacity as Chancellor of the State University and Community College System of Tennessee; and Raymond C. Bowen in his official capacity as President of Shelby State Community College, Defendants.

Supreme Court of Tennessee,
at Jackson.

May 22, 1989.

OPINION AND ORDER DENYING
TRAP 9 APPLICATION

FONES, Justice.

Plaintiff Phillips is a tenured faculty member at Shelby State Community Col-

lege, and has sought review of an administrative hearing pursuant to T.C.A. § 49–8–304, in the Chancery Court of Shelby County, Tennessee. Defendants filed a Motion for Change of Venue to the Chancery Court of Davidson County. The chancellor denied the motion but granted defendants permission to seek a Rule 9 interlocutory appeal. We have considered defendants' contention and affirm the action of the chancellor.

T.C.A. § 49–8–304 provides that a tenured faculty member who has been dismissed or suspended may obtain de novo review of that decision, "in a chancery court having jurisdiction." Defendants contend that the Shelby County defendants, Shelby Community College and its president, are nominal defendants; that the action appealed from is a final determination of the Board of Regents whose situs is in Nashville, Davidson County, and therefore under T.C.A. § 16–11–114(1), venue is in Davidson County. We disagree.

*Frye v. Memphis State University,* 671 S.W.2d 467 (Tenn.1984), was an appeal by a tenured faculty member at Memphis State University (M.S.U.), pursuant to T.C.A. § 49–8–304. M.S.U. is also an institution that is controlled by the Board of Regents. Numerous procedural issues were raised in that case but neither the Board of Regents nor the Shelby County University questioned the venue of the Chancery Court of Shelby County. The chancellor in the instant case considered this Court's statement in *Frye* that, "these proceedings were properly instituted and filed under T.C.A. § 49–8–302 to 304," as sufficient authority to deny defendants' motion, although recognizing that the venue issue was not expressly raised.

The proper scope of review was the central issue in *Frye* and we emphasized that on "de novo judicial review" the record of the administrative hearing may be supplemented by such additional evidence as either party wishes to adduce and the chancellor deems relevant. In a footnote we observed that the statutes providing for administrative hearings and review of proceedings under T.C.A. § 49–8–302 are similar to the statutes governing tenured public school teachers, T.C.A. § 49–5–501 to 49–5–515. T.C.A. § 49–5–513 provides for judicial review, "in the chancery court of the county where the teacher was employed."

Contrary to the contention of defendants that the review is of the final action of the Board of Regents, the focus of the judicial review in the chancery court is upon the procedure followed and the evidence adduced at the administrative hearing, conducted at the institution involved. Any witnesses that may testify in the chancery court are likely to reside in the county where the institution is located. We think that the legislature intended to provide for venue in the county where the university or community college is located. In providing for jurisdiction in "*a* chancery court having jurisdiction", the legislature has obviously excluded, "*the* chancery court having jurisdiction." If, as defendants contend, the judicial review of all actions of Board of Regent institutions is exclusively in the chancery court of Davidson County, "*a* chancery court" was inappropriate.

Affirmed and remanded for further proceedings according to law. Costs are adjudged against defendants.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.