IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2001

## BARTON HAWKINS v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Circuit Court for Davidson County**
**No. 00C-3267     Walter C. Kurtz, Judge**

---

**No. M2001-00473-COA-R3-CV - Filed July 25, 2002**

---

Petitioner, a state inmate, filed the underlying *pro se* petition for writ of certiorari to challenge the result of a prison disciplinary proceeding against him. The trial court dismissed the suit *sua sponte* for improper venue. Because the legislature has localized venue for actions brought by inmates to the county where the prison facility is located, we affirm the decision of the trial court, but remand for transfer to the appropriate trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Barton Hawkins, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Stephanie R. Reevers, Associate Deputy Attorney General, for the appellee, Tennessee Department of Correction.

## OPINION

Appellant Barton Hawkins is an inmate who seeks review of actions taken against him by the Disciplinary Board at West Tennessee State Penitentiary in Henning ("the Board"). The disciplinary actions at issue were imposed after the Board found that Mr. Hawkins had refused a drug screen.

In his petition, Mr. Hawkins claims that because he was unable to produce a urine sample during a routine screening, he was charged with "refusing a drug screen" in violation of TDOC Policy # 502.01(VI)(F)(2) and found guilty by the Board. Mr. Hawkins alleges that he has "shy bladder syndrome" which prevented him from producing a urine sample in front of others and that

he should have either been given an alternate test or access to a "dry room" to have the opportunity to produce a sample.[1] Mr. Hawkins appealed the Board's decision to the warden and wrote several letters to the commissioner of the Tennessee Department of Correction ("the Department" or "TDOC") seeking relief from the disciplinary actions taken against him. His appeals were denied. After exhausting these administrative remedies, Mr. Hawkins filed a petition for writ of certiorari in Davidson County, naming the Department of Correction as the respondent.

In his petition, Mr. Hawkins also claims that after the Board found him guilty of refusing a drug screen, he has since been subjected to monthly urine tests, during which he has also been unable to produce a sample for testing. As a result, he alleges that he has been subjected to write-ups and disciplinary hearings seven (7) times, with the punishment accumulating to 110 days of punitive segregation, loss of privileges and, ironically, three more years of monthly testing which, he asserts, he will be incapable of performing. He alleges he was not allowed to have medical professionals testify at his hearings, that mental health professionals treating him refused to supply a written statement because the applicable TDOC policy made exceptions only for medical reasons, and that the Commissioner's office advised him to get a written statement from the mental health professionals. He has attached documents verifying some of his claims.[2]

In his petition, Mr. Hawkins alleged that the Board violated his due process rights by sentencing him to punitive segregation for more than 100 days, imposing excessive fines, and suspending visitation and package privileges for one year.

Before the Department responded to the petition, the trial court entered an order dismissing the action *sua sponte* for improper venue. Relying on Tenn. Code Ann. § 41-21-803, the court determined that venue was not proper in Davidson County, but that the action should have been brought in the county in which West Tennessee State Penitentiary was located. Mr. Hawkins appealed, and both he and the Department assert the trial court's dismissal was erroneous. The sole issue before us is whether the trial court was correct in dismissing the petition for improper venue.

I. Venue, Jurisdiction, and Suits Against the State

Venue refers to locality, and in the legal sense it signifies the proper locality in which a court of competent jurisdiction may adjudicate an action. It is within the power of the legislature to fix the venue of actions according to its judgment. Tennessee's venue rules are largely statutory and are intended to provide the criteria for determining where a lawsuit may or should be filed. *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982).

---

[1]TDOC Policies allow for the use of such a "dry room" under certain circumstances. TDOC Policy # 506.21(VI)(B)(9).

[2]While this account is troubling, we are aware the Department has not answered because the petition was dismissed before the Department responded. In any event, the merits of his claim have not been heard by the trial court and are not before us in this appeal.

Venue is either local or transitory, depending on the subject matter of the cause of action. *State v. Graper*, 155 Tenn. 565, 569, 4 S.W.2d 955, 956 (1927). A cause of action that may arise anywhere is transitory, but one that could arise in only one place is local. *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22 (1927).[3] Otherwise transitory actions are considered to be local when a statute prescribes a particular county in which they must be brought. *State ex rel. Huskey v. Hatler*, 606 S.W.2d 534 (Tenn. 1980). In fact, venue statutes evince legislative purpose to localize transitory actions. *White v. Garner*, 192 Tenn. 429, 241 S.W.2d 518 (1951).

Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, *Metropolitan Dev. & Hous. Agency*, 637 S.W.2d at 880, waiver is not available when a transitory action has been localized by statute. In that situation, venue has become part of the court's authority to hear a particular action and is, therefore, jurisdictional. *Curtis v. Garrison*, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); *Terminix Int'l Co. v. Tapley*, No. 02A01-9701-CH-00028, 1997 Tenn. App. LEXIS 546, at *13-*15 (Tenn. Ct. App. Aug. 4, 1997) (no Tenn. R. App. P. 11 application filed).

Jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). "The jurisdiction of a court in its broad sense is its power to hear and determine controversies, and in a more restricted sense is its power to adjudicate a particular case." 21 C.J.S. *Courts* § 9.

Jurisdiction is implicated in the case before us, not only because of localized venue, but also because it is a lawsuit against a state entity. Article I, section 17 of the Tennessee Constitution provides in pertinent part:

> Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

This provision embodies the concept of sovereign immunity, which means that a governmental entity cannot be sued in its own courts without giving consent. *Northland Ins. Co.*, 33 S.W.3d at 729. Thus, as a sovereign, the State is immune from suit except as it consents to be sued. *Brewington v. Brewington*, 215 Tenn. 475, 387 S.W.2d 777 (1965). Legislation authorizing suits against the state must be so plain, clear, and unmistakable as to leave no doubt of the intention of the legislature that it should be done. *Northland Ins. Co.*, 33 S.W.3d at 729; *Daley v. State*, 869

---

[3] In *Five Star Exp. Inc. v. Davis*, the Tennessee Supreme Court stated:

> There are two types of actions for purposes of venue. A transitory action is one in which the injury occurred to a subject not having an immovable location; therefore a transitory action could have occurred anywhere. Typical examples of transitory actions are actions sounding in tort and contract. On the other hand, a local action is an action in which the injury occurred to an immovable object; the classic example is an action involving injury to real property. Local actions must be brought in the county in which the property is located.

*Five Star Exp., Inc. v. Davis*, 866 S.W.2d 944, 945 at n.1 (Tenn. 1993) (citations omitted).

S.W.2d 338 (Tenn. Ct. App. 1993); *Sweeney v. State Dep't of Trans.*, 744 S.W.2d 905 (Tenn. Ct. App. 1987).

Only the legislature has constitutional authority to determine how, or even if, lawsuits against the State may be brought. *Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001). Even where authorization for suit against the state exists, "suits may only be brought in those courts and under those conditions specified by the legislature . . . ." *Crowe v. Harton*, 579 S.W.2d 888, 890 (Tenn. Ct. App. 1979). As the Constitution of Tennessee clearly states, the legislature may direct the manner and the courts in which a lawsuit against the State may be brought. When it makes such direction, the requirements are jurisdictional. *Southwest Williamson County Cmty. Ass'n v. Saltsman*, 66 S.W.3d 872, 882 (Tenn. Ct. App. 2001).

## II. Venue for Civil Actions by State Inmates

The trial court based its dismissal of Mr. Hawkins's claim on Tenn. Code Ann. § 41-21-803, which states, "Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located." In its final order dismissing the case, the trial court stated, "Venue is not in Davidson County, but rather in the county in which West Tennessee State Penitentiary is located."

The statute relied upon by the trial court was adopted in 1996 as part of a statutory scheme governing civil litigation by state prison inmates. The set of statutes was intended to reduce frivolous claims filed by inmates and clearly countenanced claims arising from an inmate's treatment during incarceration. *See* Tenn. Code Ann. §§ 41-21-801 to -818. This court has recently interpreted the venue statute, Tenn. Code Ann. § 41-21-803, in *Howse v. Campbell*, No. M1999-01580-COA-R3-CV, 2001 Tenn. App. LEXIS 311, at *13 (Tenn. Ct. App. May 2, 2001) (no Tenn. R. App. P. 11 application filed), wherein we held that Tenn. Code Ann. § 41-21-803 effectively localized transitory actions filed by state prisoners.

Mr. Howse, a state prisoner, filed a civil rights claim to challenge the conditions of confinement and treatment by TDOC employees at a TDOC facility in Lake County. He filed the suit in Davidson County against the commissioner and various TDOC employees. The defendants, state officials or employees, moved to dismiss, and the trial court granted the motion citing improper venue as the basis. On appeal, this court agreed, stating that the conduct complained of occurred at the facility in Lake County and that Tenn. Code Ann. § 41-21-803 "requires inmates to file their suits in the county where their alleged cause of action accrued." *Howse*, 2001 Tenn. App. LEXIS 311, at *13-*14.

The holding and the reasoning of *Howse* are applicable herein. The only difference in the action brought by Mr. Howse and the action brought herein is that the first was pursuant to 42 U.S.C. § 1983, and the claim herein was brought through the procedural vehicle of writ of certiorari. Mr. Hawkins's petition and amended petition make it clear that his complaint is with the conduct of employees at West Tennessee State Penitentiary, in particular the proceedings before the Board and the warden's actions denying his appeals. The alleged cause of action accrued in the county where

4

the prison was located, and under *Howse*, Tenn. Code Ann. § 41-21-803 makes that county the appropriate venue. We find no reason to adopt an interpretation of Tenn. Code Ann. § 41-21-803 different from that made in *Howse*.[4]

The specific statutory exception to venue in the county where the facility is located is "except where otherwise provided by law." This language implies there must exist another statute specifically establishing venue elsewhere. *Five Star Exp., Inc.*, 866 S.W.2d at 946 (Tenn. 1993) (stating that "unless the venue is otherwise expressly provided for" language in the general transitory venue statute clearly authorizes the legislature to designate a different venue). Because venue statutes often relate to the type of lawsuit involved, we look first to the proper venue for the type of action brought herein.

---

[4] In *Davis v. Holland*, 31 S.W.3d 574 (Tenn. Ct. App. 2000), this court discussed Tenn. Code Ann. § 41-21-803. In *Davis*, the trial court considered venue in a 42 U.S.C. § 1983 lawsuit against numerous Department of Correction employees. These state defendants moved to dismiss the action, which was brought in Davidson County, on the basis that the inmate was housed in a facility in Lauderdale County, the actions he complained of occurred while he was in that facility, and, therefore, Tenn. Code Ann. § 41-21-803 required the conclusion that Lauderdale County was the only proper venue. The inmate, Mr. Davis, argued that venue was proper in Davidson County because all the defendants resided there. The trial court found that while the cause of action arose in Lauderdale County, it would consider Mr. Davis's assertions if he amended his complaint to indicate the actual residences of the defendants.

On appeal, this court, even though specifically stating that the venue issue need not be conclusively addressed by us because the inmate had not raised that issue on appeal, observed:

> However, there was a strong implication in the trial court's ruling that venue for this case would have been proper in Davidson County if Mr. Davis had supplied it with the residential addresses of the individual defendants. While that may be consistent with the result of *Sweatt v. Conley*, supra, we are not sure that case applies here, since it did not consider the effect of Tenn. Code Ann. § 41-21-803.

*Davis*, 31 S.W.3d at 577. *Sweatt v. Conley*, No. 01-A-01-9706-CH-00246, 1997 Tenn. App. LEXIS 862 (Tenn. Ct. App. Dec. 5, 1997), *appeal after remand sub nom. Sweatt v. Tennessee Dep't of Corr.*, 2002 Tenn. App. LEXIS 319 (Tenn. Ct. App. May 2, 2002), involved an inmate's action against various employees of the Department and a doctor, seeking declaratory and mandamus relief and also alleging a violation of civil rights. The various defendants moved to dismiss on the basis of, among other things, improper venue. This court determined that venue in Davidson County was improper because a claim for civil rights violation is a transitory action and subject, therefore, to Tenn. Code Ann. § 20-4-101. We concluded that because there existed no statutes specifically providing for venue in § 1983 actions, the provisions of the general transitory venue statute applied. *Id.* 1997 Tenn. App. LEXIS 862, at *15. However, this court noted in a footnote the recent passage of the statute that was to be codified as Tenn. Code Ann. § 41-21-803, which was not applicable to Mr. Sweatt's petition because of the date of passage. This court described that legislation as "a provision requiring a plaintiff inmate to file a claim for an action which accrued while the plaintiff was an inmate in the county in which the facility is located."

5

### III. Venue for Common Law Writ of Certiorari

We must consider the venue statute applicable to petitions seeking judicial review of the decision of a board or commission through a common law writ of certiorari action.[5] Tenn. Code Ann. § 27-9-102 outlines the procedural steps an aggrieved party must take to seek review of an order or judgment of a board or commission.[6]

> Such [aggrieved] party shall, within sixty (60) days from the entry of the order or judgment, file a petition for certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102. The circuit court is given concurrent jurisdiction over such proceedings pursuant to Tenn. Code Ann. § 27-9-103.

Thus, under the statute alone, venue would lie in either the county of residence of the petitioner[7] or the county of residence of the material defendant or the county where the principal office of the material defendant is located. However, courts have limited appropriate venue because of the nature of a petition for writ of certiorari.

---

[5]Mr. Hawkins sought relief under both the common law and statutory writ of certiorari to review the actions taken by the prison disciplinary board against him at West Tennessee State Penitentiary. This court has determined that the common law writ, as opposed to the statutory writ, is the appropriate mechanism in which to assert the claim. *Rhoden v. State Dep't of Corr.,* 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998); *Buford v. Tennessee Dep't of Corr.*, No. M1998-000157-COA-R3-CV, 1999 Tenn. App. LEXIS 755, at *12 (Tenn. Ct. App. Nov. 10, 1999) (no Tenn. R. App. P. 11 application filed); *see also Perry v. Cold Creek Corr. Facility Disciplinary Bd.*, No. M1999-01898-COA-R3-CV, 2000 Tenn. App. LEXIS 519, at *9 (Tenn. Ct. App. Aug. 9, 2000) (no Tenn. R. App. P. 11 application filed) (determining that the common law writ, as opposed to the statutory writ, is the appropriate mechanism).

[6]Tenn. Code Ann. § 27-9-101 provides the authority for judicial review of "any final order or judgment of any board or commission functioning under the laws of this state . . . in the manner provided by this chapter." As this statute states, the procedure to be used is set out in Tenn. Code Ann. §§ 27-9-101 through -114. *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 341 (Tenn. 1983)*; Fairhaven Corp. v. Tennessee Health Facilities Comm.*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976) (citing *Fentress County Beer Bd. v. Cravens*, 209 Tenn. 679, 356 S.W.2d 260 (1962); *Hoover Motor Exp. Co. v. Railroad & Pub. Util. Comm'n*, 195 Tenn. 593, 261 S.W.2d 233 (1953)) (explaining that the procedural framework for review under both the common law and statutory writs appears in Ch. 9 of Title 27); *see also* Ben H. Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 MEM. ST. UNIV. L. REV. 19, 19 (1977) (stating that Chapter 9 of Title 27 provides the procedural framework for review under both the common law and statutory writs of certiorari but does not affect the availability of either writ).

[7]The residence of Mr. Hawkins is not the prison in which he is incarcerated for purposes of determining venue. *In re Joseph*, No. M1999-02795-COA-R3-CV, 2002 Tenn. App. LEXIS 302, at *7-*8 (Tenn. Ct. App. Apr. 30, 2002), (no Tenn. R. App. P. 11 application filed).

The "grant" of the writ is simply an order to the Board to send up its record for review.  Tenn. Code Ann. § 27-9-109.  The purpose of granting the writ is to have the record of the Board or other lower tribunal filed so that a reviewing court can determine whether the petitioner is entitled to relief. *Puckett v. Broome*, 53 Tenn. App. 663, 667, 385 S.W.2d 762, 764-65 (1964).  "The writ of certiorari lies at common law to review and supervise the proceedings of inferior tribunals . . . ."  *Clark v. Metropolitan Gov't of Nashville and Davidson County*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991). "*Certiorari* at common law performed the function of aid to a review and supervision of the proceedings of inferior boards and tribunals by a superior tribunal," and issuance of the writ is for the limited purpose of determining "whether there had been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law."  *Puckett*, 53 Tenn. App. at 667, 385 S.W.2d at 764 (quoting *Conners v. City of Knoxville*, 136 Tenn. 428, 432, 189 S.W. 870, 871 (1916)).

Because the certiorari procedure is for the purpose of a limited review of a lower tribunal's decision, venue is determined by the situs of the lower tribunal, board or commission whose decision would be reviewed if the writ is granted, not by the residence of the parties.  *Delta Loan & Fin. Co. of Tenn. v. Long*, 206 Tenn. 709, 713-14, 336 S.W.2d 5, 6-7 (1960); *McKee v. Board of Elections*, 173 Tenn. 269, 272, 117 S.W.2d 752 (1938).

> The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body.  It is the situs of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal.

*McKee*, 117 S.W.2d at 754.

In both *McKee* and *Delta Loan & Finance*, the court found that only the statutory writ of certiorari was applicable and that the procedures now appearing in Tenn. Code Ann. §§ 27-9-101 to -114 specifically did not apply.  Thus, neither case involved interpretation of Tenn. Code Ann. § 27-9-102.  Nonetheless, the reasoning is still applicable and was applied to that statute in *Tennessee Real Estate Comm. v. Potts*, 221 Tenn. 585, 428 S.W.2d 794 (1968).

In *Potts*, the court found that Tenn. Code Ann. § 27-9-102 (then § 27-902) applied and that the situs of the lower tribunal, therein the State Real Estate Commission, rather than the residence of the petitioner, determined venue.  In a portion of the opinion, interpreted and applied by later decisions and also relied upon by the Department herein, the court held:

> In our opinion, sec. 27-902 [now § 27-9-102], quoted supra, merely fixes permissible venue for review of Boards and Commissions.  It does not have the effect of giving the trial court of any county wherein the party affected may have residence subject matter jurisdiction over the review of a Board or Commission exclusively located elsewhere.  That section merely specifies the courts where the writ might be sought if other jurisdictional requirements are met.

7

*Potts*, 221 Tenn. at 591, 428 S.W.2d at 796-97.

The rule that venue is determined by the situs of the lower tribunal is consistent with the venue statute's language regarding the material defendant's principal office. *McKee*, *Delta Loan & Finance*, and *Potts* involved suits against commissions or officials whose principal office was exclusively located in Davidson County, and all involved a venue dispute between the county of the petitioner's residence and Davidson County.

The Department herein states that the Department ultimately oversees prison discipline and that the Department's principal office is located in Davidson County, thereby making that county the only appropriate venue. However, this court has found that both the prison disciplinary board and the warden of a prison were proper respondents or defendants in a common law writ of certiorari action seeking review of a prison disciplinary board decision, and refused to adopt the Department's argument that it was the only proper defendant in such actions. *Seals v. Bowlen*, M1999-00997-COA-R3-CV, 2001 Tenn. App. LEXIS 547, at *10-*14 (Tenn. Ct. App. July 26, 2001) (rehearing denied Aug. 27, 2001). This decision was based upon the purpose of a petition for writ of certiorari, which is to seek review of a decision by a lower tribunal, that can include a board, commission, or officer. Subsequently, reaffirming the holding of *Seals*, we have found, "depending on the circumstances, parties other than the Department may properly be named as defendants." *Robinson v. Clement*, 65 S.W.3d 632, 635-36 (Tenn. Ct. App. 2001).[8]

Accordingly, we are not convinced that an action seeking judicial review of the decision of a prison disciplinary board is an action against the Department.[9] To the contrary, in our opinion the

---

[8]Discipline in prisons operated by private contractors, rather than TDOC, is different in one fundamental respect. A disciplinary board composed of employees of the private contractor has no authority to impose punishment for disciplinary offenses; actual discipline is not imposed until the TDOC representative approves the Board's recommendation. *Mandela v. Campbell*, 978 S.W.2d 531, 533 (Tenn. 1998). Consequently, a writ of certiorari to review the decision to impose sanctions should be addressed, in those situations, "to the governmental agency [rather than the non-governmental board] that is responsible for the actions of which the petitioner complains." *Turner v. Campbell*, 15 S.W.3d 466, 468 (Tenn. Ct. App. 1999). This difference has been recognized in *Seals v. Bowlen*, 2001 Tenn. App. LEXIS 547, at *12-*14, as significant in determining the proper defendants, and in *Brown v. Majors*, No. W2001-00536-COA-R3-CV, 2001 Tenn. App. LEXIS 948, at *11 (Tenn. Ct. App. Dec. 19, 2001) (no Tenn. R. App. P. 11 application filed), as significant to the venue issue.

[9]In *Phillips v. State Bd. of Regents*, 771 S.W.2d 410 (Tenn. 1989), a tenured faculty member sought judicial review of a decision to dismiss or suspend her. She filed her action in Shelby County, the situs of the college at which she had been employed and brought it pursuant to Tenn. Code Ann. § 49-8-304 which stated such actions may be brought "in a chancery court having jurisdiction." The State defendants argued that the suit actually challenged a final determination of the Board of Regents, whose situs is in Davidson County, not the decision of the college or its president. In considering the venue question, the court stated:

> Contrary to the contention of defendants that the review is of the final action of the Board of Regents, the focus of the judicial review in the chancery court is upon the procedure followed and the evidence adduced at the administrative hearing, conducted at the institution involved. Any witnesses that may testify in the chancery court are likely to reside in the county where the institution is located. We think

(continued...)

8

material respondent is the board which conducted the hearing and rendered the decision being challenged. Because the situs of that lower tribunal determines venue under the common law writ of certiorari venue statute, venue would lie in the county where the prison is located.

Our courts have addressed the issue of proper venue for common law writ of certiorari petitions brought by inmates to challenge disciplinary actions. In two of these cases, both decided without consideration of Tenn. Code Ann. § 41-21-803, the courts have considered the arguments made by the Department herein. In both *Williams v. Tennessee Dep't of Corr.*, No. 02A01-9503-CV-00046, 1995 Tenn. App. LEXIS 640, at *2 (Tenn. Ct. App. Oct. 2, 1995) (no Tenn. R. App. P. 11 application filed) and *Cobb v. Vinson*, No. 02A01-9707-CV-0014, 1998 Tenn. App. LEXIS 229, at *5 (Tenn. Ct. App. Apr. 1, 1998) (no Tenn. R. App. P. 11 application filed), state inmates filed *pro se* petitions for writ of certiorari against TDOC, the Board, or individual board members in the Circuit Court of the county where the facility in which they were incarcerated was located to seek review of actions taken by prison disciplinary boards. In both *Williams* and *Cobb*, the trial court dismissed the actions due to improper venue. On appeal, however, this court reversed the decision of the trial court in each case. *Cobb*, 1998 Tenn. App. LEXIS 229, at *13; *Williams*, 1995 Tenn. App. LEXIS 640, at *12-*13.

In *Williams*, as in the case before us, the petitioner inmate named as the only respondent the Tennessee Department of Correction.[10] Relying on *Potts* and *McKee*, this court held in *Williams* that it is the situs of the lower tribunal whose decision would be reviewed if the writ were granted that determines the proper venue. Accordingly, the court held:

> In the case before us, petitioner seeks review of actions taken by the prison disciplinary board, the prison warden, and the commissioner of the Department of

---

[9](...continued)
that the legislature intended to provide for venue in the county where the university or community college is located. In providing for jurisdiction in "a chancery court having jurisdiction," the legislature has obviously excluded, "the chancery court having jurisdiction." If, as defendants contend, the judicial review of all actions of Board of Regent institutions is exclusively in the chancery court of Davidson County, "a chancery court" was inappropriate.

*Phillips*, 771 S.W.2d at 411.

In *Phillips*, the Board of Regents relied on Tenn. Code Ann. § 16-11-114(1), not § 4-4-104, and the court placed importance on the *de novo* judicial review applicable to such tenure-related cases, noting that such procedure allows supplementation of evidence in the administrative record. We are aware of the distinction between *de novo* review and the limited review under certiorari; nonetheless, additional evidence, not related to the merits of the matter, may be presented in certiorari proceedings on issues not found in the record or upon issues relating to whether the writ should be granted. In any event, the Court's reasoning in *Phillips* to determine which of two venue statutes should apply provides guidance in the case before us.

[10]This choice of respondent is understandable since the Department has regularly filed motions to dismiss any other defendant/respondent (or the entire lawsuit if the Department itself was not named) arguing that the Department is the only proper respondent in petitions for writ of certiorari to review prison disciplinary decisions. *See Seals*, 2001 Tenn. App. LEXIS 547, at *8-*14.

9

Correction. Petitioner is not seeking review of a decision of a state board "exclusively located elsewhere."[11] The situs of the disciplinary board involved herein is at WTHSF, in Lauderdale County. Furthermore, petitioner is an inmate at the same institution. The warden and members of the disciplinary board, employees of the prison, have their principal office in Lauderdale County, and likely have their residences there as well. The incident from which the charge against petitioner stems occurred in Lauderdale County as did the disciplinary board's hearing on the matter and the warden's affirmance of the Board's decision. Only the commissioner of the Department of Correction is located in Davidson County.

*Williams*, 1995 Tenn. App. LEXIS 640, at *10.

Similarly, in *Cobb*, this court rejected the argument of the respondents, the warden and the chair of the disciplinary board at Lake County Regional Correctional Facility and the commissioner of TDOC, that under Tenn. Code Ann. § 27-9-102, a petition for writ of certiorari to review a prison disciplinary board decision can only be filed in the county where TDOC's principal office is located. This court adopted the reasoning and holding of *Williams*, noting that a prison disciplinary board is not "exclusively located elsewhere" than the county where the prison is located. Because the petitioner sought review of actions taken by the prison disciplinary board, the prison warden, and the commissioner, because the disciplinary board and warden have their principal office in Lake County, because the incidents complained of took place while the petitioner was an inmate at the facility in Lake County, and because the Board's hearing and the warden's affirmance took place in Lake County, this court held Lake County was not an improper venue. *Cobb*, 1998 Tenn. App. LEXIS 229, at *11-*13.

In other cases involving venue for writ of certiorari petitions seeking review of prison disciplinary actions, the results have been contrary to that reached in *Williams* and *Cobb. See, e.g.*, *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994) (stating that "because appellant seeks relief against an agency of state government, the writ should have been filed in the county which is the official situs of the agency's head office").[12]

Although we recognize the differing conclusions reached by our courts on the issue of venue for a common law writ of certiorari action seeking review of a prison disciplinary board decision, we are persuaded the *Williams* and *Cobb* result is the more correct one. That is because the "material defendant" in a writ of certiorari action is the Board, officer, or lower tribunal that made the decision which would be reviewed, and the situs of the Board determines venue. Applying those principles

---

[11]This language obviously refers to the statement in *Potts*, 221 Tenn. at 591, 428 S.W.2d at 796-97, quoted earlier, which involved a State board with only one principal office.

[12]At least two memorandum opinions by this court reach the same conclusion as *Bishop*, but were decided on differing principles. Other cases have involved prisons operated by a private prison contractor, and the venue determination was based upon that distinction. *See, e.g.*, *Brown*, 2001 Tenn. App. LEXIS 948, at *11.

to prison disciplinary boards leads to the necessary conclusion that venue is in the county where the prison is located.

Therefore, we conclude that the statute governing venue of petitions for certiorari to review decisions of boards and commissions does not meet the "otherwise provided by law" exception to Tenn. Code Ann. § 41-21-803 because it does not provide for venue other than in the county where the prison is located.

## IV. The Department's Position

The Department asserts that Tenn. Code Ann. § 41-21-803 has no application to a petition for writ of certiorari seeking review of prison disciplinary actions because (1) jurisdiction for actions against state agencies lies exclusively in Davidson County pursuant to Tenn. Code Ann. § 4-4-104; and (2) actions against state officials are local, not transitory, and can only be brought in the county of the situs of the official. As set out in its brief, the gist of the Department's argument is:

> In *Morris v. Snodgrass*, 871 S.W.2d 484 (Tenn. Ct. App. 1993), the Court recognized that Tenn. Code Ann. § 20-4-101(a) pertaining to venue in transitory actions was not applicable to suits against state officials since such actions were not transitory. The Court also noted that because Tenn. Code Ann. § 4-4-101 was a statute of specific nature which had been interpreted by the Supreme Court as placing venue for suits against certain state officials in Davidson County, it prevailed over a statute of more general application. *Id.* at 484. Similarly, while Tenn. Code Ann. § 41-21-803 has the general effect of localizing transitory actions brought by inmates, it does not alter the effect of Tenn. Code Ann. § 4-4-101, requiring that actions naming state agencies or heads of agencies be brought in Davidson County.
>
> In addition, Tenn. Code Ann. § 41-21-803 makes the statute applicable only to the extent that there are no preexisting provisions of law to the contrary. The localizing effect of Tenn. Code Ann. § 4-4-104 on suits against state officials is clearly "otherwise provided by law" and suits naming state agencies are therefore excepted from the effect of Tenn. Code Ann. § 41-21-803 by the statute itself.

*Morris v. Snodgrass*, 871 S.W.2d 484 (Tenn. Ct. App. 1993), was a declaratory judgment action seeking to have two statutes declared unconstitutional and naming the Comptroller, the Attorney General, and the Commissioner of the Department of Correction as defendants. This court held that venue for the lawsuit was exclusively Davidson County because venue for lawsuits against state officials "such as these defendants" is established in Davidson County by virtue of Tenn. Code

11

Ann. § 4-4-104[13] and by court interpretations of that statute "placing venue for suits against certain state officials in Davidson County." *Id.* at 485-87.

The *Morris* court traced these principles to *Delta Loan & Finance*, *supra*, wherein a petition for review of a decision of the Commissioner of the Department of Insurance and Banking was filed in Shelby County. In determining that only Davidson County had jurisdiction to hear the action, the Supreme Court in *Delta Loan & Finance* relied first upon older cases holding that "since the situs of a municipal corporation is local, it cannot be sued in another county in a transitory action . . . the court of such other county has no jurisdiction of such a suit." *Delta Loan & Fin.*, 336 S.W.2d at 7. Because Tenn. Code Ann. § 4-4-104 establishes the official residence of each commissioner or head of department at the capitol, the court reasoned that "the situs of such department and official residence is, therefore, local like that of a municipal corporation." *Id.* at 6.

The *Morris* court quoted from *Delta Loan & Finance*, to the effect that:

> Though the statutes make some exceptions not here material, the rule is that a commissioner or head of a department of state government may be sued as such only in the county of his official residence; and a number of cases have held that such a suit may not be maintained as a transitory action in another county.

*Morris*, 871 S.W.2d at 486 (quoting *Delta Loan & Fin.*, 336 S.W.2d at 6).

The *Morris* court also relied on and quoted the Tennessee Supreme Court's decision in *Chamberlain v. State ex rel Brown*, 215 Tenn. 565, 387 S.W.2d 816 (1965):

> T.C.A. § 23-2003 makes a writ of mandamus against a public official returnable in the county where the office is kept. The situs and office of the Department of Insurance and Banking is in Davidson County. This would be true of each division thereof, there being no statute to the contrary.

*Morris*, 871 S.W.2d at 486 (quoting *Chamberlain*, 215 Tenn. at 568, 387 S.W.2d at 817).[14]

---

[13]Tenn. Code Ann. § 4-4-104 states:

(a) Each department shall maintain a central office at the capitol, which shall be the official residence of each commissioner, or head of department.

(b) The commissioner of each department may, in the commissioner's discretion and with the approval of the governor, establish and maintain at places other than the seat of government, branch offices for any one (1) or more functions of the commissioner's department.

[14]We note that, unlike the divisions of the department in *Chamberlain*, there are statutes relating to the establishment and location of the various state prisons and facilities. *See* Tenn. Code Ann. §§ 41-1-101, -201, -702. In addition, the warden is given charge and custody of the prison, as well as responsibility for the custody, welfare, conduct

(continued...)

We do not interpret *Morris* quite as broadly as the Department. While in that case this court held that Tenn. Code Ann. § 4-4-104 localizes venue of actions against some state officials, the opinion inherently recognized there may exist exceptions to the general rule, whether those exceptions are based on the proper defendant, the authority of a department to have offices located elsewhere (which relates to the "exclusively located elsewhere" language of *Potts*), or another specific statute.

The argument made by the Department herein was addressed in both *Williams*[15] and *Cobb*, wherein this court stated that "blanket statements to the effect that 'only the courts of Davidson County have the necessary subject matter jurisdiction to review the actions of a state agency'"[16] resulted from an overbroad interpretation of *Potts* because they overlooked the "exclusively located elsewhere" language and the *Potts* court's reliance on the earlier holding in *McKee* that venue in certiorari cases is determined by the situs of the lower tribunal. *Williams*, 1995 Tenn. App. LEXIS 640, at *8-*9; *see also Cobb*, 1998 Tenn. App. LEXIS 229, at *9-*11.[17]

We conclude that prior judicial interpretation of Tenn. Code Ann. § 4-4-104 does not always preclude the bringing of lawsuits against state entities in a county other than Davidson. Regardless of our opinion as to the scope and application of Tenn. Code Ann. § 4-4-104, however, the dispositive issue herein is the effect of Tenn. Code Ann. § 41-21-803.

It is not debatable that the legislature has authority to direct that suits against state departments or other state entities, commissioners, officers, or employees be filed in a county other than Davidson. The legislature has exercised that authority in a number of situations. *See, e.g.*, Tenn. Code Ann. § 67-1-1803 (providing that suits to dispute taxes filed against the commissioner of revenue are allowed in either Davidson County, the taxpayer's county of residence, or the county where the taxpayer's principal place of business is located); Tenn. Code Ann. § 4-5-322(b)(1) (stating that under the UAPA, petitions for judicial review of a final decision of the department of

---

[14](...continued)
and safekeeping of the prisoners therein. Tenn. Code Ann. §§ 41-1-104 and 41-21-201. This includes the discretion to award sentence reduction credits. Tenn. Code Ann. § 41-21-236. Records of the affairs of each prison are to be kept at the prison, Tenn. Code Ann. § 41-1-111.

[15]We note the author of the *Williams* opinion was also the author of the opinion in *Morris*.

[16]This quotation is from *Norton v. Everhart*, 895 S.W.2d 317, 320 (Tenn. 1995), and the Department also relies on *Norton* in the case before us. That case involved the propriety of a transfer by a court without jurisdiction to one having jurisdiction in the absence of statutory authority. *Id*. at 319-20. The case was a challenge to a decision by the Board of Paroles to revoke Mr. Norton's parole, and the action was filed in Morgan County. The issue in the case before us was not discussed since, as the Court stated, "it is undisputed that only the courts of Davidson County have the necessary subject matter jurisdiction to review the actions of a state agency," citing *Potts*, 221 Tenn. at 591, 428 S.W.2d at 797. In *Norton*, the defendant lower tribunal was the Board of Paroles, which is exclusively located in Davidson County.

[17]As discussed earlier, the *Williams* and *Cobb* courts found the lower tribunal was the prison disciplinary board, the board was not exclusively located in Davidson County, and venue was in the county where the prison is located.

13

human services in a contested case are filed in either the county which is the official residence of the commissioner or the county of residence of any of the petitioners; petitions to review decisions of the TRA are filed in the court of appeals); Tenn. Code Ann. § 36-5-1003 (providing that judicial review of administrative decisions relative to Title IV-D child support services lies with the court having jurisdiction of the support order or the court in the county of the person's residence or the county where an entity was served with a subpoena or request for information); Tenn. Code Ann. § 9-8-404 (stating that claims against the state filed in the Claims Commission may be removed or transferred to the appropriate court with venue).[18]

When the legislature directs a venue for specific actions against state entities, courts cannot ignore that directive. Rather, our task is to determine legislative intent. As discussed earlier, the legislature has, in Tenn. Code Ann. § 41-21-803, localized venue for actions by inmates in state custody for complaints arising during their stay in prison. Therefore, even if Tenn. Code Ann. § 4-4-104 operates to localize actions against state departments and some state officials, the appropriate question is which "localizing" statute should prevail. The analysis is the same whether the question is viewed as one of venue or one of jurisdiction to hear actions against the state.

## V. The More Specific Statute Governs

The Tennessee Supreme Court has provided guidance on how to reconcile two venue statutes and has held that the more specific statute governs over the more general. *Five Star Exp.*, 866 S.W.2d at 946. In that case, the Court determined that the appropriate venue for workers' compensation actions was established by the specific statute applicable to such lawsuits, despite prior authority holding that the general venue statute for transitory actions, Tenn. Code Ann. § 20-4-101, had to be taken into account in such cases. The court held:

> Therefore, it would seem that the workers' compensation venue statute would fit squarely into this exception ["unless venue is otherwise expressly provided for"] to the general rule [in Tenn. Code Ann. § 20-4-101(a)] regarding venue of transitory actions. This conclusion is buttressed by the basic rule of statutory construction which provides that a general statute concerning a subject must defer to a more specific statute concerning the same subject. *See Watts v. Putnam County*, 525 S.W.2d 488 (Tenn. 1975); *Koella v. State ex rel. Moffett*, 218 Tenn. 629, 405 S.W.2d 184 (1966).

*Id.* at 946;[19] *see also Ferguson v. Ram Enter., Inc.*, 900 S.W.2d 19 (Tenn. 1995) (reaffirming the *Five Star Exp.* holding where the workers' compensation venue statute provides a Tennessee forum,

---

[18]This includes counties other than Davidson. *Austin v. State*, 831 S.W.2d 789, 789 n.1 (Tenn. Ct. App. 1991).

[19]Tenn. Code Ann. § 20-4-101(a) contains the generally applicable venue principles for all transitory civil actions, " unless venue is otherwise provided for." In analyzing whether Tenn. Code Ann § 20-4-101 or another statute determines venue, courts have applied the "otherwise provided for" exception along with the well-established rule of statutory construction that a specific statute or provision governs over a general statute or provision.

14

but applying the general venue statute when a Tennessee forum is not available under the workers' compensation venue statute).

A similar result was reached in *Valley Fid. Bank & Trust Co. v. Ayers*, 861 S.W.2d 366, 369 (Tenn. Ct. App. 1993), wherein this court held that the specific venue statute relating to chancery court controlled over the general statute on venue in transitory actions. In *Frye v. Memphis State Univ.*, 671 S.W.2d 467, 468-69 (1984), the Tennessee Supreme Court held that the legislature intended that the more specific procedures found in the statutes governing tenure of university faculty apply to administrative actions, and judicial review of those actions, against tenured faculty rather than the more general procedural provisions of the Uniform Administrative Procedures Act. That action was brought in Shelby County. Similarly, in *Phillips*, the Court found that the legislature intended to provide for venue to contest suspension or dismissal of a tenured faculty member in the county where the college or university holding the administrative hearing was located. *Phillips*, 771 S.W.2d at 411.

Before we apply the "more specific governs" rule, we must first determine whether Tenn. Code Ann. § 41-21-803 applies to lawsuits by prisoners against the State or its entities or employees, *i.e.*, whether the two statutes concern the same subject. In construing a statute, we must attempt to ascertain and effectuate the legislative intent and purpose. *State v. Walls*, 62 S.W.3d 119 (Tenn. 2001). Legislative intent is derived from the plain and ordinary meaning of the statutory language when the statute is unambiguous, *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000), and when the language is ambiguous we examine the entire statutory scheme to determine legislative intent and purpose. *State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997).

It is clear to us that the set of statutes found at Tenn. Code Ann. §§ 41-21-801 to -818 were intended to address lawsuits arising from the conditions of an inmate's incarceration, his or her treatment during that incarceration, and conduct by those responsible for the custody and care of inmates. The definitional section defines "claim," as used in those statutes, to include "any lawsuit or appeal filed by an inmate except a petition for post-conviction relief." Tenn. Code Ann. § 41-21-801(1). The statutes specifically refer to a system for resolving inmate grievances, requiring that the department maintain such a system, Tenn. Code Ann. § 41-21-817, and requiring that an inmate utilize such grievance system, where applicable, as a prerequisite to a lawsuit, Tenn. Code Ann. § 41-21-806. In addition, Tenn. Code Ann. § 41-21-815 provides:

> This part does not authorize a claim for preventive relief against the department, an employee of the department, or of any other agency, agent, employee or officer of this state if the claim is brought by a person housed in a facility operated by the department and the claim accrued while the person was housed in the facility.

This section evidences an implicit understanding that other types of actions may be brought or relief sought and granted against the department or state agencies, officials, or employees. We think the legislature clearly envisioned that the types of actions which might accrue during a state inmate's incarceration would include actions involving the conditions of his or her confinement,

including sanctions resulting from enforcement of prison rules. Such actions would necessarily involve state entities, officials, or employees as defendants.

The clear language of Tenn. Code Ann. § 41-21-803 is that a civil action accruing while the inmate is incarcerated is to be brought in the county where the facility in which he or she is housed is located. We also note that Tenn. Code Ann. § 41-21-809 authorizes the court to hold a hearing at the department's facility wherein the plaintiff inmate is housed. While the purpose of the venue provision is not explicitly stated, it furthers a number of goals. The most obvious one is that venue in the locality of the facility is more convenient because the parties, any witnesses who might be allowed to testify, and relevant records are located there.

Consequently, we are unpersuaded by the Department's argument that Tenn. Code Ann. § 41-21-803 does not apply to actions against the Department. In *Howse* and *Davis*, the state defendants apparently took the position that Tenn. Code Ann. § 41-21-803 established the exclusive venue for civil rights lawsuits brought by prisoners and obtained dismissal of those actions because they were brought in Davidson County. We are aware that 42 U.S.C. § 1983 actions are brought against defendants in their individual capacities, as opposed to their official capacities and as opposed to the department or governmental entity. We must presume this distinction provides the basis for the Department's seemingly opposite position in the case before us.

However, the statute makes no such distinction. The language of Tenn. Code Ann. §§ 41-21-801 to -818 provides us with no indication that the legislature intended for venue to depend upon which cause of action an inmate asserts, which defendants are named, or which procedural vehicle is used. We do not believe the legislature intended to create such potential inconsistencies subject to *pro se* litigants' understanding of legal procedure. To the contrary, we find the legislature clearly intended that lawsuits by state inmates against state entities, officials and employees, arising from conditions or other incidents of incarceration are to be brought in the county where the correctional facility is located.

We also find that Tenn. Code Ann. § 41-21-803 is more specific than an interpretation localizing actions against state departments or the statute upon which that interpretation is based, Tenn. Code Ann. § 4-4-104. Civil actions by state prisoners are a subcategory of actions which could be brought against a state department or commissioner. The categories are not mutually exclusive. As explained above, to hold otherwise would be to presume the legislature did not envision that state inmates complaining about treatment in state prisons would not sue the state department or officials responsible for their custody.[20]

Accordingly, we agree with the decision of the Davidson County Circuit Court that it was without jurisdiction to hear this matter because the action was filed in the wrong court. However, the consequence of that holding is not necessarily dismissal.

---

[20]For the same reasons, we find that the "localizing effect" of Tenn. Code Ann. § 4-4-104 does not qualify as an "otherwise provided by law" exception to Tenn. Code Ann. § 41-21-803.

## VI.  Transfer

The general rule is that "a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." *Norton*, 895 S.W.2d at 319.  The Tennessee Supreme Court has clearly stated that trial courts possess no "inherent authority to transfer cases in the absence of statutory authority." *Id.* at 320; *Coleman v. Coleman*, 190 Tenn. 286, 293-94, 229 S.W.2d 341, 344-45 (Tenn. 1950).  In *Norton*, the Court invited the legislature to enact a broad transfer statute.  *Norton*, 895 S.W.2d at 320.  The legislature has since done so in Tenn. Code Ann. § 16-1-116, which became effective on May 23, 2000.[21]  It states:

> **Transfer of actions or appeals**.-Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed.  Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

We find Mr. Hawkins is entitled to the benefit of this statute and that it is in the interest of justice that this action be transferred to the appropriate trial court.  Accordingly, we remand to the trial court for entry of an order transferring this action to the appropriate court in the county where West Tennessee State Penitentiary is located.

## VII.  Conclusion

Pursuant to Tenn. Code Ann. § 41-21-803, Mr. Hawkins's petition for writ of certiorari seeking judicial review of decisions of the Board must be brought in the county where the prison is located.  Accordingly, the trial court herein correctly determined it had no authority to hear the case.  We remand to the trial court for transfer to a court with jurisdiction pursuant to Tenn. Code Ann. § 16-1-116.

---

[21]Mr. Hawkins filed his petition on November 8, 2000.

Costs of this appeal are taxed to the Department of Correction, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE