# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 2, 2001

## LARRY WILLIAMS v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-1154-I**

---

**No. M2000-02905-COA-R3-CV - Filed August 28, 2002**

---

WILLIAM C. KOCH, JR., J., concurring**.**

I concur with the results of the court's opinion, not because Mr. Williams's punishment was not harsh enough to take on a constitutional dimension, but rather because his complaint fails to articulate a colorable claim that the Department of Correction acted arbitrarily, capriciously, or illegally by departing from its Uniform Disciplinary Procedures. *Willis v. Tennessee Dep't of Corr.*, No. M2000-01397-COA-R3-CV, 2002 Tenn. App. LEXIS 389, at *57-63 (Tenn. Ct. App. June 5, 2002) (Koch, J., dissenting).

One other point should be made. Less than one month ago, this court upheld a trial court's dismissal of a petition for common-law writ of certiorari filed by a prisoner because it was not filed in the county in which the institution housing the prisoner is located. We construed Tenn. Code Ann. § 41-21-803 (1997) to require that a lawsuit for a cause of action accruing while a prisoner is incarcerated must be brought in the county where the facility housing the prisoner is located. *Hawkins v. Tennessee Dep't of Corr.*, No. M2001-00473-COA-R3-CV, 2002 Tenn. App. LEXIS 536, at *39 (Tenn. Ct. App. July 25, 2002).

This lawsuit was not filed in the county where the institution housing the prisoner is located. Accordingly, it was filed in the wrong court based on our interpretation of Tenn. Code Ann. § 41-21-803. If our decision in *Hawkins v. Tennessee Department of Correction* applied here, the proper remedy would be to vacate the judgment and remand the case with directions that it be transferred to the proper court for disposition in accordance with Tenn. Code Ann. § 16-1-116 (Supp. 2001). However, as our decision in this case should demonstrate, we have determined that *Hawkins* applies prospectively to all cases filed after *Hawkins* was decided and to all cases filed before *Hawkins* was decided in which the application of Tenn. Code Ann. § 41-21-803 has been raised. It does not apply to cases filed before *Hawkins* was decided in which the application of Tenn. Code Ann. § 41-21-803 was not raised.

This case was filed before our decision in *Hawkins* was filed, and neither party raised the application of Tenn. Code Ann. § 41-21-803 either in the trial court or on appeal. Accordingly, we need not, in the absence of prejudice to the judicial process, grant relief to parties who failed to take timely, reasonably available action to nullify any harmful effect caused by failing to heed Tenn. Code Ann. § 41-21-803.

---

WILLIAM C. KOCH, JR., JUDGE