IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 12, 2004

## MARVIN MARTIN v. MEMBERS AND CHAIRMAN OF BOARD OF PROBATION AND PAROLE

Appeal from the Chancery Court for Davidson County
No. 02-3695-I     Irvin Kilcrease, Chancellor

No. M2003-00790-COA-R3-CV - Filed February 8, 2005

This appeal involves a prisoner's concerns about overcrowding at the correctional facility in which he is incarcerated. The prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County seeking an order compelling the Tennessee Board of Probation and Parole to advance his release eligibility date. The trial court granted the Board's Tenn. R. Civ. P. 12.02(6) motion to dismiss, and the prisoner appealed. We vacate the judgment and remand the case with directions to dismiss the petition because it was filed in the wrong county.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Marvin Martin, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Stephanie R. Reevers, Associate Deputy Attorney General, for the appellees, Members and Chairman of Board of Probation and Parole.

### MEMORANDUM OPINION[1]

On December 10, 2002, Marvin Martin, a prisoner incarcerated in the Wayne County Boot Camp, filed a pro se petition for common-law writ of certiorari in the Chancery Court for Davidson County. Mr. Martin was concerned about overcrowding at the facility, and the purpose of his petition was to obtain an order requiring the Tennessee Board of Probation and Parole to invoke the

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

safety valve release provisions in Tenn. Code Ann. §§ 41-1-501 to -510 (2003). The Board filed a motion to dismiss under Tenn. R. Civ. P. 12.02(1), (3), and (6). The trial court granted the motion on the ground that Mr. Martin had failed to state a claim upon which relief could be granted because his "petition does not seek review of any particular decision made by the Board in any judicial or quasi-judicial capacity." Mr. Martin has appealed.

In the absence of another applicable venue provision, state prisoners must file all lawsuits involving causes of action that accrue while they are incarcerated in the courts of the county where the correctional facility in which they are housed is located. Tenn. Code Ann. § 41-21-803 (2003). This venue provision applies to petitions for writs of common-law certiorari involving the conditions of incarceration or the conduct of those responsible for the care and custody of the prisoner. *Hawkins v. Tennessee Dep't of Corr.*, 127 S.W.3d 749, 764-65 (Tenn. Ct. App. 2002).

The Board specifically relied on Tenn. Code Ann. § 41-21-803 in its Tenn. R. Civ. P. 12.02(3) motion to dismiss. Its reliance on this statute was appropriate because Mr. Martin's complaint stems from the conditions of his confinement in Wayne County. Accordingly, the trial court should have dismissed Mr. Martin's complaint because it was filed in the wrong county in accordance with Tenn. Code Ann. § 41-21-803.

We vacate the order dismissing Mr. Martin's petition for failure to state a claim upon which relief can be granted, and we remand the case to the trial court with instructions to enter an order dismissing the petition because it was filed in the wrong county. We tax the costs of this appeal to Marvin Martin for which execution, if necessary, may issue. We also find that Mr. Martin's petition for writ of common-law certiorari and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., P.J., M.S.