IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 19, 2005

# WILLIE JOHNSON v. CORRECTIONS CORPORATION OF AMERICA

**Appeal from the Circuit Court for Davidson County**
**No. 03C-2963     Hamilton Gayden, Judge**

_____

### No. M2004-01301-COA-R3-CV - Filed January 31, 2006

_____

An inmate incarcerated in a prison operated by Corrections Corporation of America sued the corporation for damages arising from its alleged failure to provide him with proper dental care while he was in its custody. The defendant filed a motion to dismiss for improper venue and/or for untimeliness. The trial court granted the motion and dismissed the case with prejudice, but did not state the reason for its decision. We affirm the trial court because the one-year statute of limitations had passed before the plaintiff filed his complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Willie Johnson, Henning, Tennessee, Pro Se.

James I. Pentecost, K. Michelle Booth, Jackson, Tennessee, for the appellee, Corrections Corporation of America.

### OPINION

### I. PROCEEDINGS BELOW

The following account is taken entirely from the plaintiff's Complaint. Since the complaint was dismissed under a Rule 12.02 motion, for the purposes of this opinion we must presume the plaintiff's factual allegations to be true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975); *Dobbs v. Guenther,* 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

Plaintiff Willie Johnson was incarcerated at the Middle Tennessee Correctional Complex (MTCC), operated by the Tennessee Department of Correction. While there, he was seen by a dentist who examined his mouth and recommended that he receive surgery for his deteriorated gums and that a set of dentures be made for him. The recommendation was approved.

Mr. Johnson was subsequently transferred to the South Central Correctional Facility (SCCF), a prison operated by the defendant Corrections Corporation of America (CCA). On October 10, 2001, he saw a member or members of the defendant's medical staff and complained that he suffered excruciating pain whenever he chewed, because he did not have enough teeth.

The medical staff refused to provide him with the dental treatment that the recommendation of the dentist at MTCC had led him to hope for. Mr. Johnson claims that CCA's agents refused to give him proper dental care because they wanted to save money. He was transferred to West Tennessee State Penitentiary in January of 2003. A dentist at that facility examined him and recommended that he undergo surgery to treat the loss of bone beneath his gums and that a set of dentures be made for him.

On October 17, 2003, Mr. Johnson filed a Complaint for Damages in the Circuit Court of Davidson County. He recited the above facts and claimed that the defendant's denial of dental service made him sick and caused him to suffer "great pain and anguish of mind." The plaintiff asked for $230,000 in damages. CCA responded to the Complaint with a Motion to Dismiss and Supporting Memorandum under Tenn. R. Civ. P 12.02. CCA set out two possible grounds for dismissal.

One ground was improper venue. CCA contended that under Tenn. Code Ann. § 41-21-803 Mr. Johnson's complaint should not have been filed in Davidson County. The company argued that it should have been filed in Wayne County instead, since SCCF is located in Wayne County and Mr. Johnson's alleged cause of action arose while he was incarcerated at SCCF.

The second ground was the statute of limitations. CCA claimed that Mr. Johnson's complaint was governed by a one-year limitations period. The company argued that the statute began to run on October 10, 2001, the date its agents refused to give him the dental care he requested. Since he did not file his complaint until October 17, 2003, more than two years later, CCA contended Mr. Johnson's claim was time-barred.

CCA submitted a proposed order to the trial court granting its motion to dismiss. The trial judge signed the order, and it was entered on December 4, 2003. The order did not specify any particular ground for dismissal, but simply recited that CCA's motion and memorandum were well taken, and that ". . . the Defendant's Motion to Dismiss is hereby GRANTED and the plaintiff's claims are hereby DISMISSED with prejudice."

The record indicates that on the same day the court's order was entered, Mr. Johnson placed in the mail a motion to transfer the case to the Twenty-Second Judicial District, which includes Wayne County, obviously in response to CCA's venue argument in its motion to dismiss. His motion was filed on December 8, 2003. He also filed a motion for new trial or to amend the court's judgment. Both motions were denied. This appeal followed.

## II. VENUE

Tennessee Code Annotated § 41-21-803, part of a set of statutes governing litigation by prisoners, reads in its entirety:

> Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located.

This court has had several opportunities to construe the above statute, and we have consistently held that it precludes adjudication of claims in the courts of Davidson County where the plaintiff inmate has claimed that he was injured by the actions of agents of the Department of Correction while he was housed in a prison outside of Davidson County. *Hawkins v. Tennessee Department of Correction*, 127 S.W.3d 749, 753 (Tenn. Ct. App. 2002); *Littles v. Campbell*, 97 S.W.3d 568, 570 (Tenn. Ct. App. 2002); *Sweatt v. Tennessee Dept. of Correction*, 88 S.W.3d 567, 568 (Tenn. Ct. App. 2002).

CCA argues that Tenn. Code Ann. § 41-21-803 required dismissal of Mr. Johnson's complaint. While it is true that Mr. Johnson's alleged cause of action accrued while he was housed in a correctional facility, the facility at issue was operated by CCA, rather than the Tennessee Department of Correction, and Mr. Johnson named CCA as the sole defendant. Although we find no authority holding that the statute does not apply to CCA - operated facilities, the wording of the statute itself limits its application to inmate causes of action that accrued while the inmate was "housed in a facility operated by the Department." It is certainly arguable that the legislature did not intend that the venue requirements in Tenn. Code Ann. § 41-21-803 apply to actions brought against a private corrections corporation.

We need not decide that issue, however, because, even if the trial court was not authorized to hear the suit, its dismissal of the action was appropriate under the circumstances of this case. When an inmate files suit in the wrong county, the trial court also has the discretion to transfer the suit to a county where venue is proper if such transfer it is "in the interest of justice." Tenn. Code Ann. § 16-1-116. *Hawkins*, *supra*, at 766. That is what Mr. Johnson asked the court to do in his response to CCA's motion to dismiss. Because Mr. Johnson's complaint was untimely filed, as discussed below, and was subject to dismissal on that ground by any court hearing it, neither the interest of justice nor principles of judicial economy would be served by transfer to another court. Consequently, the trial court acted appropriately in dismissing the complaint even if venue in that court was not proper.

## III. THE STATUTE OF LIMITATIONS

Tennessee Code Annotated § 28-3-104 sets out a one-year statute of limitations for actions in tort that allege injury to the person. Mr. Johnson claimed that the defendant's failure to provide him with proper dental care caused him "great pain and mental anguish." Such a claim clearly constitutes an injury to the person.

Mr. Johnson did not specify whether he was bringing his claim as one for simple negligence under state law or as a civil rights claim pursuant to 42 U.S.C. § 1983. For the purposes of the statute of limitations, however, there is no distinction. The personal injury one-year statute of limitations applies to "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes." Tenn. Code Ann. § 28-3-104(a)(3).

The plaintiff claimed that on October 10, 2001, CCA's agents told him that they would not be furnishing him with the dental care that he requested. He was therefore on notice from that date of the wrong he complains of. He nowhere suggests that he renewed his request for dentures while he was housed at SCCF, or that CCA's agents led him to believe that the decision was not final or took any other actions that would have tolled the statute of limitations. Since he filed his complaint more than one year after his cause of action accrued, the complaint was time-barred, and the trial court did not err by dismissing it.

## IV. CONCLUSION

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Davidson County. Tax the costs on appeal to the appellant, Willie Johnson.

        _____
        PATRICIA J. COTTRELL, JUDGE