**David L. HAYES**

v.

**STATE of Tennessee, et al.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Assigned on Briefs Sept. 16, 2009.

Oct. 8, 2009.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 10, 2010.

David L. Hayes, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Michael E. Moore, Solicitor General, Kellena Baker, Assistant Attorney General, Nashville, Tennessee, for appellee, State of Tennessee.

## OPINION

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

## Background

This is an appeal from the dismissal of Appellant's complaint. Appellant is an inmate housed at the Hardeman County Correctional Facility. The Chancery Court of Davidson County, dismissed Appellant's complaint, finding improper venue and that the Appellant failed to comply with the statutory requirements of 42 U.S.C. § 1997e (1996) and Tenn.Code Ann. § 41–21–805 (1996). We affirm the trial court's dismissal.

Appellant, David L. Hayes, is an inmate in the custody of the Tennessee Department of Corrections ("TDOC") and is housed at the Hardeman County Correctional Facility. He filed a complaint on September 7, 2007, in Davidson County Chancery Court alleging violations of 42 U.S.C § 1983 against Appellees, Glen Turner, Tennessee Department of Corrections, George M. Little, Corrections Corporation of America, John D. Ferguson, Hardeman County Correctional Facility and Nurse Logon ("Appellees"). Appellant's complaint is based on an alleged denial of medical treatment following an injury during a basketball game on July 27, 2007.

Along with his Complaint, Appellant filed a Motion for Preliminary Injunction and an inmate affidavit. In his inmate affidavit Appellant wrote "NA" when asked to list all lawsuits or claims ever filed. In his Memorandum in support of his Motion for Preliminary Injunction, Appellant stated that his administrative remedies are pending. Appellant also filed an Amended Motion for Preliminary Injunction on September 7, 2007, in which he stated, "[Appellant] is in the process of exhausting his administrative remedies." Appellant further filed an Affidavit of Inability to Pay Costs on November 30, 2007. In this affidavit, Appellant refers to two federal lawsuits he has filed, one "around about 2003," and the other filed on June 10, 2005. No additional information is provided about these claims.

Appellees filed a Motion to Dismiss on November 16, 2007, asserting that venue was improper and that the Appellant failed to state a claim upon which relief can be granted. In an order entered June 25, 2008, the trial court granted Appellees' Motion to Dismiss. The trial court found that venue was improper since Tenn.Code Ann. § 41–21–803 (1996) requires that actions that accrue while the plaintiff inmate is housed in a facility operated by TDOC must be brought in the county in which the facility is located. The trial court found that proper venue lies in Hardeman County. The trial court further found that Appellant's Petition for Injunctive Relief was procedurally flawed in that he had not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996). Additionally, the trial court found that Appellant had not met the requirements of Tenn. Code Ann. § 41–21–801 *et seq.* Specifically, Appellant had not submitted an affidavit setting forth a complete list of every lawsuit or claim previously filed. Consequently, the trial court dismissed the complaint.

On July 16, 2008, Appellant filed a "Motion for Order Vacating and Setting Aside Order filed June 25, 2008 and in the Alternative, Grant Motion for Change of Venue." The trial court entered an order on October 15, 2008 denying Appellant's motion.

Appellant raises four issues on appeal for our review. We restate those as follows:

1. Whether the trial court erred in dismissing Appellant's cause of action?

2. Whether the trial court erred in finding that Appellant failed to meet the

mandatory requirements of the Prison Litigation Reform Act after the trial court waived said requirements to proceed upon other motions?

3. Whether the trial court erred in holding that all individuals named in Appellant's complaint were entitled to qualified immunity?

4. Whether the trial court waived the Prison Litigation Reform Act requirements by hearing other Motions relative to this case?

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn R.App. P 13(d); *Owens v. Truckstops of America,* 915 S.W.2d 420, 424 (Tenn.1996).

Venue is either local or transitory, and refers to the "locality in which a court of competent jurisdiction may adjudicate an action." *Hawkins v. TN Dept. of Correction,* 127 S.W.3d 749, 753 (Tenn. Ct.App.2002). A civil rights claim is typically a transitory action. *Howse v. Campbell,* M1999–1580–COA–R3–CV, 2001 WL 459106 at *4 (Tenn.Ct.App.2001). A transitory cause of action may become local "when a statute prescribes a particular county in which they must be brought." *Hawkins,* 127 S.W.3d at 753. One can not waive or consent to venue when a cause of action has been localized by statute. *Howse,* 2001 WL 459106 at *4.

When venue is localized by statute, it becomes jurisdictional and is part of the court's authority to adjudicate the case before it. *Hawkins,* 127 S.W.3d. at 754.

In 1996, the General Assembly enacted a statute governing venue for actions filed by inmates. Tenn Code. Ann. § 41–21–803 (1996). This statute requires that any cause of action "that accrued while the plaintiff inmate was housed in a facility operated by the department [of corrections]," be brought in the county where the facility is located. Tenn.Code Ann. 41–21–803 (1996). This Court has previously held that this statute effectively localized actions brought by prisoners. *Hawkins,* 127 S.W.3d at 754–55 (citing *Howse,* 2001 WL 459106 at *4). Accordingly, venue in cases brought by prisoners can not be waived or consented to by the parties or the court. *Id.*

Appellant is housed in a TDOC facility in Hardeman County and the actions which form the basis of his complaint took place in that facility. Therefore, we agree with the trial court's finding that this cause must be brought in Hardeman County pursuant to Tenn.Code Ann. § 41–21–803 (1996). Upon finding improper venue, it is within the trial court's discretion to transfer the action to the proper venue under Tenn.Code Ann. § 16–1–116 (2000).[1]

The decision to transfer an action pursuant to Tenn.Code Ann. 16–1–116, lies entirely within the discretion of the trial

---

1. Tenn.Code Ann. § 16–1–116 (2000) states: Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

court. *Pack v. Ross*, 288 S.W.3d 870, 874 (Tenn.Ct.App.2008) (citations omitted). A transfer is not automatic and it is the trial court's decision as to whether a transfer is warranted. *Jones v. TN Dept. of Correction*, M2004–01713–COA–R3–CV, 2007 WL 1241341, at *2 (Tenn.Ct.App.2007). We use an abuse of discretion standard in reviewing the trial court's decision not to transfer the action to the proper venue. *Id.* The trial court abuses its discretion when it "applie[s] an incorrect legal standard, or reaches[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).[2]

■ In determining whether the trial court abused its discretion in dismissing Appellant's action, we review the other reasons the trial court relied on in dismissing his complaint. The trial court first found that Appellant failed to comply with the statutory requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996). This act states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(1996). Exhausting administrative remedies is a prerequisite to filing an action. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

■ Upon our review of the record, we find several instances where Appellant admitted that he has not exhausted his administrative remedies. First, in his Memorandum of Law in Support of Motion for Preliminary Injunction, filed September 7, 2007, Appellant stated, "petitioner has filed requests-grievances to which are pending.…" He further stated in his Amended Motion for Preliminary Injunction, also filed September 7, 2007, that "[p]laintiff is in the process of exhausting his available administrative remedies." Appellant also stated in his inmate affidavit, that he had grievances presently before the commissioner. It appears clear, that Appellant had not exhausted his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a)(1996).

The trial court also found that Appellant failed to comply with the requirements in Tenn.Code Ann. § 41–21–801 et seq. Specifically, the trial court found that Appellant failed to submit an affidavit that complied with Tenn.Code. Ann. § 41–21–805 (1996). The trial court found, that Appellant filed an affidavit as required, but failed to list any prior lawsuits or claims filed by him. Yet, on his Affidavit of Inability to Pay Costs, Appellant lists two lawsuits in which he was previously involved.

Tenn.Code. Ann § 41–21–805 (1996) imposes an obligation on inmates who file claims in forma pauperis to document their prior history of litigation. The requirements for reporting one's history of litigation are set out in Tenn.Code. Ann. § 41–21–805 (1996), which states:

**2.** Although not raised by the Appellee the trial court also did not have subject matter jurisdiction over this claim. In his complaint, Appellant asks for "nominal, compensatory, and punitive damages.…" The Chancery Court does not have jurisdiction to consider cases seeking an award of liquidated damages. *Williams v. Bell*, 37 S.W.3d 477 (citing Tenn.Code Ann. § 16–11–102(a)). The trial court could have transferred the case to the Circuit Court pursuant to Tenn.Code Ann. § 16–1–116, however, it chose to dismiss the action. For the reasons stated in this opinion, we affirm the decision to dismiss instead of transfer.

Affidavit of inability to pay; lawsuits or claims previously filed

(a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:

(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and

(2) For each claim or action listed in subsection (a):

(A) The operative facts for which relief was sought;

(B) The case name, case number and court in which the suit or claim was filed;

(C) The legal theory on which relief sought was based;

(D) The identification of each party named in the action; and

(E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.

(b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.

(c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

This Court has previously found that the purpose of this statute is "to bar inmates who have malicious or frivolous claims from filing any further lawsuits until they have paid the costs that have accrued from those prior claims." *Williams v. Bell, et al.*, 37 S.W.3d 477, 479 (Tenn.Ct.App.2000) (citing Tenn.Code Ann. § 41–21–812). In a similar case, *Williams v. Bell et al.*, we affirmed the trial court's ability to dismiss a claim based on an inmate's failure to comply with Tenn.Code Ann. § 41–21–805. In *Williams*, the inmate filed an affidavit, but listed only one case in which he had previously been involved. *Id.* at 480. The trial court dismissed the inmate's claim for failure to comply with the statutory requirements for reporting prior litigation. *Id.* On appeal, the inmate attached to his brief a list of thirteen lawsuits he had previously filed. In affirming the dismissal for failure to comply with Tenn.Code Ann. § 41–21–805 (1996), this Court noted that even on appeal, the inmate in *Williams* failed to provide all the information required by the statute. *Id.* We did, however, find that the dismissal should be without prejudice in order to further the legislative intent "to make it more burdensome for inmates to file frivolous complaints," without forcing the courts to "close[e] the door forever on a meritorious claim." *Id.*

In reviewing the record, we find that Appellant listed "NA" on his affidavit in each section asking for information on prior claims and lawsuits. The Appellant, however, refers to two other lawsuits in his Affidavit of Inability to Pay Costs yet he still fails to provide all of the information required by Tenn.Code. Ann § 41–21–805 (1996). We must note that Appellant, even after being put on notice of the deficiencies in his affidavit, has not yet filed an amended affidavit correcting this error. Accordingly, we find that the trial court correctly dismissed Appellant's complaint for failure to comply with the statutory requirements. Furthermore, we find that in accordance with *Williams v. Bell, et al.*, the trial court correctly dismissed Appellant's case without prejudice.

The decision to dismiss instead of transfer is a discretionary determination. The trial court based its decision to dismiss on Appellant's failure to comply with the statutory requirements for filing his complaint,

which also warrant dismissal. Based on the above findings, we find that the trial court did not abuse its discretion in declining to transfer the case pursuant to Tenn. Code Ann. § 16–1–116(2000). Because we find that the trial court properly dismissed Appellant's case due to a lack of proper venue, all other issues on appeal are pretermitted.

## Conclusion

The judgment of the trial court is affirmed. Costs on appeal are taxed to the Appellant, David L. Hayes, and his surety, for which execution may issue, if necessary.