IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 13, 2012 Session

# SANDY WOMACK, ET AL. v. CORRECTIONS CORPORATION OF AMERICA, d/b/a WHITEVILLE CORRECTION FACILITY

**Direct Appeal from the Circuit Court for Davidson County**
**No. 11C3600     Thomas W. Brothers, Judge**

---

**No. M2012-00871-COA-R10-CV - Filed December 20, 2012**

---

This appeal involves the transfer of a state prisoner's action based on improper venue. The prisoner was housed in a correctional facility located in Hardeman County, Tennessee. The correctional facility is operated by a private entity. Pursuant to Tennessee Code Annotated section 41-21-803, the Circuit Court of Davidson County transferred this action to Hardeman County, where the correctional facility is located. Discerning no error, we affirm.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Allen Barnes, Hermitage, Tennessee, for the appellants, Sandy Womack and Stacey Womack.

James I. Pentecost and Brittani C. Kendrick, Jackson, Tennessee, for the appellee, Corrections Corporation of America.

## OPINION

### I. Background and Procedural History

Sandy Womack ("Mr. Womack") is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). At all times relevant to this dispute, Mr. Womack was housed in the Whiteville Correctional Facility ("WCF"), located in Hardeman County, Tennessee. The facility is operated by Corrections Corporation of America ("CCA"). On September 9, 2011, Mr. Womack filed a complaint in the Circuit Court of Davidson County

alleging that CCA d/b/a WCF failed to use reasonable and ordinary care to treat his medical needs while he was incarcerated. On January 3, 2012, CCA filed a motion to dismiss, or in the alternative, to transfer pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure for improper venue. CCA argued that the proper venue in this matter was governed by Tennessee Code Annotated section 41-21-803, which provides:

> Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department shall be brought in the county in which the facility is located.

After conducting a hearing on the motion, on March 2, 2012, the trial court granted CCA's motion to transfer from Davidson County to Hardeman County. Mr. Womack filed a motion to reconsider the transfer on March 16, 2012. Thereafter, the trial court entered an order denying the motion to reconsider, and granted Mr. Womack permission to file an interlocutory appeal. On April 30, 2012, Mr. Womack filed an application for interlocutory appeal, which this Court granted on May 7, 2012.

## II. Issue Presented and Standard of Review

The sole issue presented for our review is whether the venue requirements under Tennessee Code Annotated section 41-21-803 apply to an inmate's cause of action that accrued while the inmate was housed in a facility operated by a private entity. This issue presents a question of law. Therefore, our scope of review is *de novo* with no presumption of correctness. *See* Tenn. R. App. P 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## III. Analysis

On appeal, Mr. Womack argues that Davidson County was the proper venue for this action because he was housed in a CCA-operated facility, as opposed to a facility operated by the TDOC. In support of his position, Mr. Womack relies on language from *Johnson v. Corr. Corp. of Am.*, No. M2004-01301-COA-R3-CV, 2006 WL 236899 (Tenn. Ct. App. Jan. 31, 2006), *perm. app. denied* (Tenn. Aug. 21, 2006), which provides:

> "This court has had several opportunities to construe [Tenn. Code Ann. § 41-21-803], and we have consistently held that it precludes adjudication of claims in the courts of Davidson County where the plaintiff inmate has claimed that he was injured by the actions of agents of the Department of Correction while he was housed in a prison outside of Davidson County. *Hawkins v. Tennessee Department of Correction*, 127 S.W.3d 749, 753 (Tenn. Ct. App. 2002); *Littles*

-2-

*v. Campbell*, 97 S.W.3d 568, 570 (Tenn. Ct. App. 2002); *Sweatt v. Tennessee Dept. of Correction*, 88 S.W.3d 567, 568 (Tenn.Ct.App.2002).

. . . .

. . . . Although we find no authority holding that the statute does not apply to CCA-operated facilities, the wording of the statute itself limits its application to inmate causes of action that accrued while the inmate was 'housed in a facility operated by the Department.' It is certainly arguable that the legislature did not intend that the venue requirements in Tenn. Code Ann. § 41-21-803 apply to actions brought against a private corrections corporation."

*Id.* at *2. According to Mr. Womack, this language demonstrates this Court's recognition that Tennessee Code Annotated section 41-21-803 should not apply to actions filed by inmates housed in CCA-operated facilities. Although Mr. Womack correctly cites this portion of *Johnson*, this Court went on to state that "[w]e need not decide that issue", and we do not think the above-cited language governs the outcome of this appeal.

As this Court explained in *Hayes v. State*, 341 S.W.3d 293 (Tenn. Ct. App. 2009):

Venue is either local or transitory, and refers to the "locality in which a court of competent jurisdiction may adjudicate an action." *Hawkins v. TN Dept. of Correction*, 127 S.W.3d 749, 753 (Tenn. Ct. App. 2002). . . . A transitory cause of action may become local "when a statute prescribes a particular county in which they must be brought." *Hawkins*, 127 S.W.3d at 753. One can not waive or consent to venue when a cause of action has been localized by statute. *Howse* [*v. Campbell*, No. M1999-1580-COA-R3-CV], 2001 WL 459106 at *4 [(Tenn. Ct. App. May 2, 2001)]. When venue is localized by statute, it becomes jurisdictional and is part of the court's authority to adjudicate the case before it. *Hawkins*, 127 S.W.3d. at 754.

In 1996, the General Assembly enacted a statute governing venue for actions filed by inmates. Tenn. Code. Ann. § 41–21–803 (1996). This statute requires that any cause of action "that accrued while the plaintiff inmate was housed in a facility operated by the department [of corrections]," be brought in the county where the facility is located. Tenn. Code Ann. 41–21–803 (1996). This Court has previously held that this statute effectively localized actions brought by prisoners. *Hawkins*, 127 S.W.3d at 754–55 (citing *Howse*, 2001 WL 459106 at *4). Accordingly, venue in cases brought by prisoners can not be waived or consented to by the parties or the court. *Id.*

*Id.* at 296 (concluding that because the basis of the inmate's cause of action took place in a CCA-operated facility located in Hardeman County, the proper venue for such case must be in Hardeman County pursuant to Tennessee Code Annotated section 41-21-803).[1] Moreover, prior to our decision in *Hayes*, we addressed this issue multiple times, each time holding that venue was proper where the facility was located. *See Hawkins*, 127 S.W.3d at 755 (published pursuant to Tenn. Ct. App. R. 11) ("The alleged cause of action accrued in the county where the prison was located, and under *Howse*, Tenn. Code Ann. § 41–21–803 makes that county the appropriate venue. We find no reason to adopt an interpretation of Tenn. Code Ann. § 41–21–803 different from that made in *Howse*."); *Clark v. S. Cent. Corr. Facility*, No. M2006-00124-COA-R3-CV, 2007 WL 2093693, at *3 (Tenn. Ct. App. July 17, 2007) ("In the case at bar, [inmate] filed his petition for writ of certiorari in Davidson County. However, section 41-21-803 required that the petition be filed in Wayne County, the county in which the [privately-managed] correctional facility is located.");[2] *Jones v. Tenn. Dep't of Corr.*, No. M2004-01713-COA-R3-CV, 2007 WL 1241341 (Tenn. Ct. App. Apr. 27, 2007) (same); *Hicks v. Campbell*, No. M2001-00280-COA-R3-CV, 2003 WL 22438441, at *1 n.3 (Tenn. Ct. App. Oct. 28, 2003) (stating that inmate should have filed petition for writ of certiorari in Hardeman County, where CCA-operated facility was located, instead of Davidson County); *Lewis v. Tenn. Dep't of Corr.*, No. M2002-00608-COA-R3-CV, 2003 WL 21171495, at *1 n.4 (Tenn. Ct. App. May 20, 2003), *perm. app. dismissed* (Tenn. Aug. 25, 2003) ("[Inmate] filed his petition in the wrong county. Tenn. Code Ann. § 41-21-803 (1997) required the petition to be filed in Wayne County where the South Central Correctional Facility is located."); *Howse*, 2001 WL 459106 at *4 ("As a result of [Tennessee Code Annotated section 41-21-803], transitory actions filed by state prisoners have essentially been localized by statute. Accordingly, venue for these suits lies in the county where the facility is located.").

Following our decision in *Hayes*, which involved a CCA-operated facility, the Tennessee Supreme Court denied permission to appeal. Pursuant to Tennessee Supreme Court Rule 4(G)(2), when intermediate appellate court opinions are officially reported after

---

[1]In *Hayes*, the inmate filed his complaint against a number of defendants, including the CCA.

[2]This Court did note in *Clark*, however, that:

Since *Hawkins* was issued in 2002, this Court has applied section 41-21-803 to all cases involving a petition for review of disciplinary board proceedings, regardless of whether the prison was operated by private contractors or state run. Thus, we apply *Hawkins* in this case but note that in light of *Brown v. Majors*, it is arguable that section 41-21-803 would not apply to a privately-managed correctional facility.

*Id.* at *3 n.8.

the Supreme Court denies permission to appeal, such decisions become "controlling authority for all purposes." These published opinions are precedential authority and are binding upon this Court until they are expressly overruled by a court of appropriate jurisdiction. *See Meadows v. State*, 849 S.W.2d 748, 752 (Tenn. 1993) ("[T]he published opinions of the intermediate appellate courts are opinions which have precedential value and may be relied upon by the bench and bar of this state as representing the present state of the law with the same confidence and reliability as the published opinions of [the Tennessee Supreme] Court, so long as either are not overruled or modified by subsequent decisions."); *Allen v. State*, No. M2003-00905-COA-R3-CV, 2004 WL 1745357, at *2 (Tenn. Ct. App. Aug. 3, 2004) (noting that because the Tennessee Supreme Court denied permission to appeal and directed the publication of the Court of Appeals' opinion, the decision of the appellate court was controlling authority). Since "[Tennessee Code Annotated section 41-21-803] effectively localized actions brought by prisoners," *Hayes*, 341 S.W.3d at 296 (citing *Hawkins*, 127 S.W.3d at 754–55 (citing *Howse*, 2001 WL 459106 at *4)), we must conclude that the proper venue in this matter lies in Hardeman County, where the CCA-operated facility is located. Furthermore, because it was within the trial court's discretion to transfer this action pursuant to Tennessee Code Annotated section 16-1-116 (2000),[3] *Pack v. Ross*, 288 S.W.3d 870, 874 (Tenn. Ct. App. 2008) (citations omitted), we affirm the decision of the trial court.

## IV. Conclusion

For the forgoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to Appellants, Sandy Womack and wife, Stacey Womack, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]Tenn. Code Ann. § 16–1–116 provides:

Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.