
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2017

**DAVID LAMAR HAYES v. GLEN TURNER, WARDEN**

**Appeal from the Chancery Court for Hardeman County**
No. 15563    William C. Cole, Chancellor

_____

**No. W2016-01166-COA-R3-CV**

_____

This appeal arises from the dismissal of a pro se inmate's complaint for failure to prosecute. After filing his complaint in 2005, the plaintiff took no action in the case for more than 10 years. In 2015, the trial court directed the plaintiff to show cause why the case should not be dismissed for failure to prosecute. Instead of providing an explanation for the delay, the plaintiff sought a default judgment against the defendant. The trial court then dismissed the case with prejudice. On appeal, we find no abuse of discretion in the trial court's decision. We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

David Lamar Hayes, Whiteville, Tennessee, Pro se.

James I. Pentecost and Jonathan D. Buckner, Jackson, Tennessee, for the appellee, Glen Turner, Warden, Hardeman County Correctional Facility.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner/Appellant David Hayes is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. Respondent/Appellee Glen Turner is the warden of that facility. On August 10, 2005, Mr. Hayes filed a pro se action against Mr. Turner in the Hardeman County Chancery Court seeking to obtain documents related to his incarceration. On September 6, 2005, Mr. Turner submitted the requested documents

to the trial court for release to Mr. Hayes as determined by the court. No further action was taken in the case until December 2015.

On December 1, 2015, the trial court issued a written notice to Mr. Hayes that the case would be dismissed for failure to prosecute absent a showing of good cause. Mr. Hayes responded by filing a motion for default judgment against Mr. Turner in the amount of $12 million.[1] Mr. Turner then filed a motion to dismiss and a response in opposition to Mr. Hayes's motion for default judgment. On May 18, 2016, the trial court entered an order denying Mr. Hayes's motion for default judgment and dismissing the case with prejudice. Thereafter, Mr. Hayes timely filed a notice of appeal to this Court.

## DISCUSSION

Mr. Hayes challenges the trial court's decision to dismiss the case for failure to prosecute. As he did in the trial court, Mr. Hayes represents himself pro se on appeal. Parties who decide to represent themselves are entitled to equal treatment by the courts. *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). Nevertheless, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Accordingly, Mr. Hayes, like any other plaintiff in a civil proceeding, had an obligation to pursue his claims in a manner consistent with the Tennessee Rules of Civil Procedure. *See Morris v. State*, 21 S.W.3d 196, 202 (Tenn. Ct. App. 1999).

Trial judges inherently possess broad authority to control their dockets and the proceedings in their courts. *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). Moreover, the Tennessee Rules of Civil Procedure expressly authorize trial judges to dismiss cases for failure to prosecute. Tenn. R. Civ. P. 41.02. The decision to dismiss a case for failure to prosecute lies within the sound discretion of the trial judge, and we will not reverse that decision unless it appears that the trial judge abused his or her discretion in making it. *Osagie v. Peakload Temporary Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002).

The record in this case reflects that Mr. Hayes abandoned the claims asserted in his August 2005 complaint. While Mr. Hayes does not dispute that no action was taken in this case for more than 10 years, he contends that the trial court and/or Mr. Turner are

---

[1] Mr. Hayes's motion for default judgment reflects that he apparently confused this case with an unrelated lawsuit he filed against Mr. Turner and several other defendants in the Davidson County Chancery Court in 2007. This Court affirmed the trial court's dismissal of Mr. Hayes's complaint in that case. *See Hayes v. State*, 341 S.W.3d 293 (Tenn. Ct. App. 2009).

to blame for the extended delay.  This argument fails, however, because neither the trial court nor Mr. Turner had an obligation to pursue Mr. Hayes's claims.  Litigants in a civil proceeding have an obligation to timely pursue their own claims.  *Morris*, 21 S.W.3d at 202.  Moreover, Mr. Hayes admits in his brief that he did not know the case was pending until he received notice from the trial court that it was subject to dismissal.  We therefore find no abuse of discretion in the trial court's decision to dismiss the case for failure to prosecute.

## CONCLUSION

We affirm the trial court's dismissal of this case for failure to prosecute and remand this case to the trial court for such further proceedings as may be necessary and are consistent with this opinion.  Costs of this appeal are taxed to the appellant, David Lamar Hayes, for which execution may issue if necessary.


_____
ARNOLD B. GOLDIN, JUDGE